**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALISON FRIEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26 C 5581 |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendants lacemylife.com and favomens.com's motion to dismiss [53] is granted to the extent that the Court finds Defendants lacemylife.com and favomens.com were improperly joined but is denied in all other respects. The Court will sever the claims against Defendants lacemylife.com and favomens.com into a separate action. The Clerk of Court is directed to open a new case: Alison Friend v. lacemylife.com and favomens.com. Plaintiff is required to pay a filing fee for this matter to be established and to file a complaint limited to the allegations against these Defendants. The new matter is to be assigned to Judge Kocoras and Magistrate Judge Jantz as a related case. See Statement for details.

**STATEMENT**

Plaintiff Alison Friend brought this action against 34 defendants, including lacemylife.com and favomens.com (collectively, "Magic Matrix") alleging copyright

infringement through the online sale of derivative works of copyrighted Alison Friend works. Before the Court is Magic Matrix's motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Rule 20(a)(2) for improper joinder.

## I. Background

The factual allegations are taken from the complaint and are presumed true; all reasonable inferences are drawn in Friend's favor.

Friend is an artist and the owner of federal copyright registrations that protect the creative content of her animal illustrations. At all relevant times, Friend has been the holder of the exclusive rights to the Alison Friend works. Due to significant effort developing consumer awareness as well as promotional and distribution efforts, the public associates the artistic works exclusively with Friend. Defendants are foreign entities who sell or offer for sale products in connection with Friend's illustrations.

Defendants conduct business throughout the United States, including within Illinois, through the operation of fully interactive commercial websites and online marketplaces. Each Defendant targets the United States and Illinois and has offered to sell, has sold, and continues to sell Alison Friend products to consumers within the United States and Illinois. The internet stores appear as though they are selling authorized Alison Friend products, and Defendants use similar unique identifiers and design elements. Friend states that no one other than Friend and her licensees are

authorized to manufacture, import, export, offer for sale, or sell any goods without her permission.

Outside of the complaint, Friend has produced invoices for purchases from both lacemylife.com and favomens.com which include Chicago shipping addresses and tracking information. Friend alleges that Magic Matrix reproduced, displayed, and sold shirts bearing Friend's copyrighted illustrations, accepted an order for each shirt, and confirmed and completed shipment to a Chicago, Illinois address.

| U.S. Copyright Registration No. VA 2-388-391 | 28 favomens.com |
| --- | --- |
|  |  |
| U.S. Copyright Registration No. VA 2-413-118 | 29 lacemylife.com |
|  |  |

Dkt. # 81, at 2; *see also* Dkt. # 63-1.

To protect her illustrations and copyrights, Friend has filed this action against 34 defendants alleging "each Defendant has violated Plaintiff's exclusive rights of reproduction, distribution, and public display under the Copyright Act." Dkt. # 1, ¶ 20; 17 U.S.C. §§ 106(1), (2), (3), (5). Magic Matrix moves to dismiss the complaint under

Rules 12(b)(2) and 20(a)(2), arguing the Court lacks personal jurisdiction over Magic Matrix and that Friend improperly joined Magic Matrix in this action.

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) challenges the court's ability to exercise personal jurisdiction over a defendant. *Liqui-Box Corp. v. Scholle IPN Corp.*, 2020 WL 5593755, at *3 (N.D. Ill. 2020). A "plaintiff need not include facts alleging personal jurisdiction in the complaint, but once the defendant moves to dismiss the complaint . . . for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (quoting *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)).

When a court rules on a Rule 12(b)(2) motion to dismiss without holding an evidentiary hearing, the plaintiff need only make a *prima facie* case for personal jurisdiction. *Id.* at 393 (citing *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 424 (7th Cir. 2010)). If the parties submit affidavits, the court "may weigh the affidavits," but the "plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* (quotations omitted).

Under Rule 20(a)(2), defendants may be joined if, (1) the claims asserted against them arise "out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Where the court finds, through its considerable

discretion, a defendant is improperly joined, the remedy is either severance or dismissal without prejudice. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 857 (7th Cir. 2018).

## III. Discussion

### a. Personal Jurisdiction

Whether the Court has personal jurisdiction over Magic Matrix is determined by way of the Due Process Clause of the Fourteen Amendment and Illinois' state long-arm statute. *See Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 589 (7th Cir. 2021) ("[A] federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." (internal citations omitted)). However, given the Seventh Circuit has repeatedly noted there is "no operative difference" between the limits of the Illinois Constitution and the United States Constitution in terms of subjecting a defendant to personal jurisdiction, the question becomes "whether the exercise of personal jurisdiction over the defendants comports with the limits imposed by federal due process." *Curry*, 949 F.3d at 393 (cleaned up).

"To satisfy due process, a defendant must have sufficient contacts with a forum such that it would 'not offend traditional notions of fair play and substantial justice' for that party to be exposed to a court's coercive power there." *B.D. by & through Myers v. Samsung Sdi Co.*, 143 F.4th 757, 765 (7th Cir. 2025) (quoting *Int'l Shoe Co. v.*

*Washington*, 326 U.S. 310 (1945)). Specific jurisdiction[1] can be established through a three-prong test: (1) "the defendant must purposefully avail itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws[;]" (2) "the suit must arise out of or relate to its forum contacts[;]" and (3) "personal jurisdiction must accord with notions of fairness[.]" *Id.* at 765–66 (cleaned up).

Friend has made a *prima facie* showing of personal jurisdiction over Magic Matrix in Illinois. In cases such as this, a defendant has purposefully availed itself where it:

> created an interactive website and explicitly provided that Illinois residents could purchase its products through that website, arranged for the sale of its products through third-party websites, sent written confirmation to the Illinois customers acknowledging their sale and including their Illinois shipping address, and then, shipped the product to its customers who were in Illinois.

*NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022) (internal quotations omitted). *See also Curry*, 949 F.3d at 399; *Liu v. Monthly*, 170 F.4th 1090, 1093 (7th Cir. 2026).

Friend alleges that Magic Matrix reproduced, displayed on its website, and sold shirts bearing Friend's copyrighted illustrations, accepted an order for each shirt, and confirmed and completed shipment to a Chicago, Illinois address. Friend produced

[1] Friend argues there is specific jurisdiction over Magic Matrix and does not advance an argument for general jurisdiction.

invoices for both lacemylife.com and favomens.com which include Chicago shipping addresses and tracking information.

Magic Matrix contends that these "test purchases" by Friend or her agent into Illinois are insufficient to establish personal jurisdiction. However, Magic Matrix ignores the holding in *NBA Props., Inc.*, which instructs that "in assessing purposeful direction, what matters is [the defendant's] structuring of its own activities so as to target the Illinois market." 46 F.4th at 624. The Court found the plaintiff's motivations in purchasing the item are irrelevant to assessing whether the defendant established sufficient contacts with Illinois. *Id.* Although the plaintiff purchased the product, the contact with the forum was not a unilateral act. *Id.* The defendant had "shipped a product to the forum only after it had structured its sales activity in such a manner as to invite orders from Illinois." *Id.* at 625.

The same occurred here. Magic Matrix set up an online store and asserted a willingness to ship goods to Illinois through that online store. Friend or her agent then placed an order, and Magic Matrix filled that order and shipped the shirts to Illinois. By doing so, Magic Matrix structured its activities to target Illinois and should have known that it could be subject to this Court's jurisdiction when it shipped the product into the forum. Magic Matric purposefully availed itself of the privilege of conducting activities within Illinois.

Next, this suit relates to its forum contacts. Simply, "this requirement is met when direct sales from the defendant in the forum state involve the infringing product."

*Id*. at 625; *Curry*, 949 F.3d at 401. Magic Matrix's sale of shirts bearing copyrighted illustrations in Illinois creates and gave rise to this suit, thus this requirement is met.

Lastly, the Court must evaluate whether exercising personal jurisdiction over Magic Matrix would "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co*., 326 U.S. at 316 (internal quotations omitted). There are various factors relevant to such a determination such as, "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Felland v. Clifton*, 682 F.3d 665, 677 (7th Cir. 2012) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). Here, there is no unfairness in allowing this suit to proceed in Illinois. Although Magic Matrix faces a burden of having to defend an action from outside of Illinois, "out-of-state defendants *always* face such a burden, and there is no suggestion that [Magic Matrix's] hardship would be any greater than that routinely tolerated by courts exercising specific jurisdiction against nonresidents." *Id.* (emphasis in original). Illinois has an interest in providing a forum for its residents to remedy harms inflicted by out-of-state actors within Illinois. Friend, having filed suit here, determined Illinois is the most convenient forum to seek relief. Nor is there any suggestion that the forum of Illinois would burden the efficiency of resolving this case. Exercising personal jurisdiction over Magic Matrix does not offend traditional notions of fair play and substantial justice.

Because Friend has made a *prima facie* showing that the Court has specific jurisdiction over Magic Matrix, Magic Matrix's Rule 12(b)(2) motion to dismiss is denied.

**b. Improper Joinder**

Magic Matrix alternatively argues for dismissal for improper joinder. Here, Friend bears the burden of demonstrating joinder is proper under Rule 20(a)(2). *See Damian v. EIN CAP, Inc.*, 2023 WL 2561586, at *2 (N.D. Ill. 2023). However, in determining that joinder is proper, the Court has wide discretion in determining joinder of parties and joinder is strongly encouraged to promote judicial efficiency. *Id.*; *see Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) ("The purpose of Rule 20(a) in permitting joinder … is to enable economies in litigation…").

Under Rule 20(a)(2), Magic Matrix may be joined with the other defendants if the claims asserted against them arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Friend alleges all the defendants are operating under the same series of occurrences. She argues, "Magic Matrix, like the other Schedule A defendants, reproduced the same small portfolio of Friend's copyrighted works contemporaneously, in the same online retail space, and under the same cloak of storefront anonymity." Dkt. # 81, at 8. However, this kind of similar infringement by multiple defendants, does not necessarily make each instance

part of the same occurrence.[2] Here, there are numerous distinct defendants, and despite the fact that the harm (copyright infringement) may look similar, Friend must allege something more. "While the law of joinder does not necessarily require temporal overlap or specific knowledge of other defendants, it does require more than mere allegations that two or more unrelated defendants stole the same product in the same way without ever interacting with one another." *Malibu Media, LLC v. Reynolds*, 2013 WL 870618, at *13 (N.D. Ill. 2013); *see Chrome Hearts LLC*, 2026 WL 1382792, at *5. "[C]ommitting the same type of violation in the same way does not link defendants together for the purposes of joinder." *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014); *see also Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, 735 F. Supp. 3d 981, 985 (N.D. Ill. 2024). This is all Friend has alleged, and thus joinder of Magic Matrix is improper.

However, the relief Magic Matrix seeks—dismissal of Friend's claims with prejudice for improper joinder—is not appropriate. *See UWM Student Ass'n*, 888 F.3d at 857. Instead, the Court shall address the violation of Rule 20(a) through severance.

[2] This case is distinguishable from *Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, where the Court found with many small injuries originating from numerous unrelated defendants, the defendants create a "swarm," and joinder was proper. 334 F.R.D. 511, 517 (N.D. Ill. 2020). However, where defendants appear and challenge joinder, they distinguish themselves from the swarm and should be severed. *Chrome Hearts LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2026 WL 1382792, at *4 (N.D. Ill. 2026). This is the case here where Magic Matrix has distinguished itself from the swarm as a distinct entity with no connection to the other defendants.

*See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Magic Matrix's motion to dismiss for improper joinder is denied.

**CONCLUSION**

For the foregoing reasons, Magic Matrix's motion to dismiss [53] is granted to the extent that the Court finds Magic Matrix was improperly joined but is denied in all other respects. The Court will sever the claims against Magic Matrix into a separate action. The Clerk of Court is directed to open a new case: Alison Friend v. lacemylife.com and favomens.com. Friend is required to pay a filing fee for this matter to be established and to file a complaint limited to the allegations against Magic Matrix. The new matter is to be assigned to Judge Kocoras and Magistrate Judge Jantz as a related case.

It is so ordered.

Charles P. Kocoras

Charles P. Kocoras
United States District Judge

Date: October 21, 2026