**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ALISON FRIEND,

Plaintiff,

v.

MAGIC MATRIX TECHNOLOGY CO., LTD. d/b/a LACEMYLIFE.COM AND FAVOMENS.COM,

Defendant.

Case No.: 1:26-cv-13263

Judge Charles P. Kocoras

Magistrate Judge Beth W. Jantz

# AMENDED COMPLAINT

Plaintiff, ALISON FRIEND ("Friend" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of Defendant Magic Matrix Technology Co., Ltd. d/b/a lacemylife.com and favomens.com ("Magic Matrix" or "Defendant"), and for Plaintiff's Amended Complaint hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the alias store names lacemylife.com and favomens.com (collectively, the "Defendant Internet Stores"). Specifically, Defendant is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products bearing infringing versions of Plaintiff's copyrighted works.

Defendant has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have sold and shipped products bearing infringing versions of Plaintiff's federally registered copyrighted works to Illinois, including at least one sale from each Defendant Internet Store to an address in Chicago, Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Additionally, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendant because the claims asserted herein arise under federal copyright law, Defendant would not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution.

## INTRODUCTION

3. Plaintiff, Alison Friend, is the owner of the federal copyright registrations that protect the creative content of Plaintiff's illustrations. Friend is an artist who paints humorous portraits of animals, blending traditional oil techniques with contemporary whimsy to capture the human-like antics of cats, dogs, and other animals.

4. This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products in connection with Plaintiff's illustrations. In addition, Defendant is selling unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's illustrations.

5. Plaintiff is the owner of United States Copyright Registration Nos. VA 2-388-391 and VA 2-413-118 (the "Alison Friend Works") and the registrations are attached hereto as

**Exhibit 1**. Upon information and belief, the copyrights have effective dates that predate Defendant's acts of copyright infringement.

6. In an effort to illegally profit from the creative content of the Alison Friend Works, Defendant has created the Defendant Internet Stores and designed them to appear to be selling authorized Alison Friend Products.

7. Defendant owns and operates the Defendant Internet Stores and processes customer payments through PayPal accounts identifying Magic Matrix as the seller. Upon information and belief, Defendant also operates an undisclosed number of additional websites and PayPal accounts. Through the Defendant Internet Stores, Defendant offered for sale and sold products bearing unauthorized reproductions of the Alison Friend Works. Screenshots of Defendant's infringement are attached as **Exhibit 2**. Defendant attempts to avoid liability by concealing the full scope and interworking of its illegal operation across multiple websites and payment accounts. Plaintiff is forced to file this action to combat Defendant's piracy of the Alison Friend Works. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the valuable copyrights, reputation, goodwill, the quality, and ability to license as a result of Defendant's actions and seeks injunctive and monetary relief.

## THE PLAINTIFF

8. Plaintiff, Alison Friend, is the owner of the Copyright Registrations that protect the creative content of the Alison Friend Works. Friend is an artist who paints humorous portraits of animals, blending traditional oil techniques with contemporary whimsy to capture the human-like antics of cats, dogs, and other animals. Her artistic process begins with an idea for a character, which takes on a life of its own as she paints. She focuses on those glances pets give us and the human emotions we think them of having, as that is how we connect with the animals in our lives.

She hopes to bring just enough to the work for the viewer to participate in the creative process and bring their own story for the subject. Friend graduated with a degree in fine art and printmaking. She initially pursued a career in illustrating children's books and has published over twenty books to date with Harper Collins, Nosy Crow, Hodder Children's, Templar, Usbourne, Little Tiger Press, and Alfred Knopf. She later transitioned to oil painting, and her unique anthropomorphic portrayals of animals brought her widespread acclaim. Her original paintings have been sold to collectors worldwide, and she has participated in numerous solo and group exhibitions in England, Italy, Scotland, Australia, and the United States.

9. Friend has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Alison Friend Works. As a result, products associated with the Alison Friend Works are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Friend (the "Alison Friend Products").

10. Plaintiff is the owner of the United States Copyright Registrations that cover the Alison Friend Works. The Registrations are valid, subsisting and in full force and effect. True and correct copies of the registration certificates are attached hereto as **Exhibit 1**.

11. In an effort to illegally profit from the creative content of the Alison Friend Works, Defendant has created the Defendant Internet Stores and designed them to appear to be selling authorized Alison Friend Products. Upon information and belief, Defendant facilitates sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Alison Friend Products.

12. Friend has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Alison Friend Works.

13. The success of the Alison Friend Works is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

14. As a result of Plaintiff's efforts, the quality of the Alison Friend Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Alison Friend Works and associate them exclusively with Friend.

15. Friend has made efforts to protect Plaintiff's interests in and to the Alison Friend Works. No one other than Friend and her licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Alison Friend Works without the express written permission of Plaintiff.




https://www.artsy.net/artist/alison-friend?sort=year

## THE DEFENDANT AND THE DEFENDANT'S UNLAWFUL CONDUCT

16. Defendant is a company based in the People's Republic of China that owns and operates the Defendant Internet Stores. Defendant conducts business throughout the United States, including within Illinois and in this judicial district, through the fully interactive commercial Defendant Internet Stores. Defendant targets the United States, including Illinois, and has offered to sell, has sold, and continues to sell illegal Alison Friend Products to consumers within the United States, including Illinois and in this judicial district. *See* **Exhibit 2**.

## COUNT I
## COPYRIGHT INFRINGEMENT

17. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Amended Complaint.

18. The Alison Friend Works are original works and are copyrightable subject matter under 17 U.S.C. § 101 et seq.

19. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, including but not limited to the Alison Friend Works, including derivative works. The Alison Friend Works are the subject of valid Copyright Registration Certificates issued by the Register of Copyrights. (**Exhibit 1**).

20. Defendant had access to the Alison Friend Works via the internet, where the images appear on Plaintiff's authorized websites.

21. Defendant's unauthorized products either reproduce the Alison Friend Works or are derived from the Alison Friend Works:

| Plaintiff's Registered Artwork | Defendant's Infringing Products |
|---|---|
| U.S. Copyright Registration No. VA 2-388-391  | 28 favomens.com  |
| U.S. Copyright Registration No. VA 2-413-118  | 29 lacemylife.com  |

(**Exhibit 2**).

22. Defendant, without the permission or consent of Plaintiff, has sold and continues to sell online pirated derivative works of the copyrighted Alison Friend Works through online storefront listings. Upon information and belief, Defendant's unauthorized listings at issue in this case are accessible and have been accessed by Illinois residents. Defendant has violated Plaintiff's exclusive rights of reproduction, distribution, and public display under the Copyright Act. 17 U.S.C. §§ 106(1), (2), (3), (5). Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101 et seq.

23. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

24. Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights and ordering that Defendant destroy all unauthorized copies.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the Alison Friend Works or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Alison Friend Product or is not authorized by Plaintiff to be sold in connection with the Alison Friend Works;

b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Alison Friend Works;

c. further infringing the Alison Friend Works and damaging Plaintiff's goodwill;

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Alison Friend Works, and which are derived from Plaintiff's copyrights in the Alison Friend Works; and

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other website or payment account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in the Alison Friend Works;

2) For Judgment in favor of Plaintiff against Defendant that it has: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Amended Complaint;

3) For Judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

DATED: November 2, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*

Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
Email: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***