**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ALISON FRIEND,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-05581

Judge Charles P. Kocoras

Magistrate Judge Beth W. Jantz

**ORDER ON MOTION FOR EXTENSION OF
TEMPORARY RESTRAINING ORDER**

THIS CAUSE being before the Court on Plaintiff, ALISON FRIEND's ("Friend" or "Plaintiff"), Motion for Extension of Temporary Restraining Order against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants"), and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion in its entirety.

THIS COURT HEREBY FINDS that issuing this Order pursuant to Rule 65 of the Federal Rules of Civil Procedure is appropriate because Rule 65(b)(2) states the court may extend a temporary restraining order entered without notice provided good cause shown prior to the expiration of the order. Fed. R. Civ. P. 65(b)(2). The Court finds good cause shown for an extension and that Plaintiff needs additional time to obtain Defendants' identifying information from the subpoenaed parties and provides Defendants actual notice of this Court's TRO. The Court further finds good cause shown and that the same facts exist since the Court granted the TRO. Specifically, Defendants will likely modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from accounts in U.S.-based financial

institutions to offshore accounts. Accordingly, in the interest of justice, extension of the TRO is necessary.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Alison Friend and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an Order, Defendants could and likely would modify registration data and content, change hosts, redirect traffic to other websites in their control, and move any assets from accounts in U.S.-based financial institutions to offshore accounts. As other courts have recognized, proceedings against those who deliberately traffic in counterfeit merchandise are often useless if notice is given to the adverse party. Accordingly, this Court orders that:

The extension of the Temporary Restraining Order without notice is entered at 4:10 P.M. on May 26, 2026, and shall remain in effect for fourteen (14) days through and until June 12, 2026.

Charles P. Kocoras

Charles P. Kocoras
U.S. District Court Judge