UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**Alison Friend,**

Plaintiff,

Case No. 1:26-cv-05581

v.

**The Partnerships and Unincorporated Association Identified on Schedule "A"**

Defendants.

## Magic Matrix Status Report on Plaintiff's Discovery Efforts

Defendant Magic Matrix Technology, Co. LTD ("Magic Matrix" or "Defendant"), on behalf of Defendants 28 and 29 with the aliases "favomens.com," and "lacemylife.com," hereby provides this status report on Plaintiff's discovery efforts. Magic Matrix asked Plaintiff whether Plaintiff wanted to file a joint status report, and Plaintiff declined to do so. Accordingly, Plaintiff and Magic Matrix are filing separate status reports.

### I. General Background of the case

Magic Matrix first learned that it was a defendant in this case when funds in its PayPal account were frozen via the *ex parte* TRO that was entered by this Court. Once Magic Matrix identified the Accused Products (two shirt designs bearing an image of a dog), Magic Matrix immediately pulled the online listings for the Accused Products, and it will not attempt to sell or relist those products. Magic Matrix also determined that it had three U.S. sales of the Accused Product, two of which appear to be test buys orchestrated by Plaintiff and/or her counsel and one

unrelated sale in Utah. The total U.S. sales of the Accused Product are less than $100, even including the test buys. *See* Sales Summary (Doc. 63-2).

At the outset of the case, on June 1, 2026, Magic Matrix communicated to Plaintiff that the U.S. sales for the Accused Products totaled less than $100. Based upon this representation, the parties were able to agree to reduce the asset restraint pertaining to Magic Matrix's funds to a total of $20,000, which still remain frozen based upon the TRO.

Despite the nominal sales, Plaintiff continues to press forward with the case in an apparent attempt to use the litigation process and associated expense to extract a disproportionate settlement in this case. Magic Matrix has a current settlement offer of $1000 (more than 10x the revenue that Magic Matrix generated from its three sales), which Magic Matrix first presented to Plaintiff on June 22, 2026, and has since followed up on, and Plaintiff has yet to respond.

## II. Background relating to Plaintiff's discovery

On May 28, 2026, Plaintiff filed a motion for a preliminary injunction, which is essentially a request to extend the TRO that was entered based upon an *ex parte* motion filed by Plaintiff before Magic Matrix was involved in the case. *See* Plaintiff PI Motion (Doc. 28). Magic Matrix opposed the motion. *See* Opposition Brief (Doc. 63). As part of the opposition, Magic Matrix argued that Plaintiff cannot demonstrate a likelihood of success on the merits because the Court does not have specific personal jurisdiction over Magic Matrix, as alleged by Plaintiff in her complaint.[1] In support of this, Magic Matrix included a declaration from Tang Jing (Doc. 63-1), a principal officer of Magic Matrix, along with a sales summary showing three U.S. sales of the Accused Products totaling less than $100 in revenue. *See* Sales Summary (Doc. 63-2).

[1] Magic Matrix has filed a motion to dismiss the complaint for lack of jurisdiction and improper joinder. See Motion to Dismiss (Doc. 53).

On July 10, 2026, Plaintiff filed a motion requesting to stay briefing on the preliminary injunction and for "leave to conduct limited fact discovery, so that Plaintiff may test the truth of Defendants' claims of minimal sales." Friend Motion (Doc. 76), pg. 1. On July 13, 2026, the Court granted this motion before Magic Matrix could file an opposition. *See* Order (Doc. 80).

## III. Plaintiff's discovery requests

On July 17, 2026, Plaintiff issued 20 interrogatories, 10 requests for inspection, 72 requests for production, and 99 requests for admission, totaling 201 written discovery requests, which are attached as Exhibits A-C hereto. This is not the "limited fact discovery" that Plaintiff requested. Rather, the voluminous requests span far beyond the scope of Plaintiff's stated issue to the Court, which was to verify Magic Matrix's nominal sales of the Accused Products. The sheer volume of requests is disproportionate to the needs of the case, as Magic Matrix has less than $100 in sales of the Accused Products, and it will undoubtedly cost thousands of dollars in attorneys fees for Magic Matrix to respond to each of these requests, even if only to provide individual objections.[2] Some of the requests are reproduced below to provide examples of the near endless breadth of the requests.

> **<u>REQUEST FOR INSPECTION NO. 1:</u>**
>
> Produce for inspection and forensic examination any phones, USB storage devices, hard drives, and computers utilized by Defendant to conduct its business during the Relevant Period.

[2] For example, if counsel were to dedicate only 5 minutes per request, it would take 1005 minutes, or 16.75 hours to respond.

This request asks Magic Matrix to produce every electronic device that has ever been used in connection with any aspect of Magic Matrix's business since the inception of Magic Matrix's business.

**REQUEST FOR INSPECTION NO. 8:**

Live inspection of each section, tab, and view of the order-management, inventory, or e-commerce back-end system(s) used for each Defendant E-commerce Store, including the system from which the screenshots depicted in the Sales Summary [63-2] were captured (e.g., orders, products, customers, analytics, reports, payments, and settings sections).

This request asks for a live inspection of every aspect of all e-commerce systems that Magic Matrix uses for its business.

**REQUEST FOR PRODUCTION NO. 4:**

The complete transaction logs identified in response to Interrogatory No. 4 for each of the PayPal Accounts, from the account's inception to the present, in native or reasonably usable electronic format, identifying for each transaction the date, the originating Defendant E-commerce Store or other website, the product title and description, the SPU or other product identifier, the corresponding product image as listed at the time of sale, the units sold, the amount charged, the payment processor used, and the shipping destination.

This request asks for a compete transaction log of every product ever sold by Magic Matrix.

**INTERROGATORY NO. 6:**

Identify and describe in detail the source of the more than $1,000,000 received through the PayPal Accounts, as acknowledged in Defendants' Motion to Dismiss [53] at 1, and of the US $167,796.10 and US $219,317.86 account balances reflected in the PayPal Records for the PayPal Accounts, including a breakdown of the total revenue received by each Defendant E-commerce Store and each other website or platform, by product, and by payment processor, and a transaction log identifying all sales contributing to those amounts, identifying for each transaction the date of the transaction, the Defendant E-commerce Store or other website or platform that originated the transaction, the product title and description, the SPU or other product identifier, the corresponding product image as listed at the time of sale, the number of units sold, the total amount charged, the payment processor used, and the shipping destination.

This interrogatory asks for Magic Matrix to identify every transaction contributing to the funds in Magic Matrix's PayPal accounts.

**IV. Magic Matrix's response to the discovery requests**

On July 24, 2026, one week after receiving the requests, Magic Matrix provided a written response to the requests with general objections on several grounds, including: (i) the requests are overly broad, and they are certainly outside the scope of discovery requested by Plaintiff (i.e., to verify sales of the Accused Products) for purposes of filing a reply brief; (ii) it is unduly burdensome for Magic Matrix to respond to all of these requests; and (iii) the requests are disproportionate to the needs of the case, as it will undoubtedly costs Magic Matrix thousands of

dollars in attorneys fees to respond to discovery, where there are less than $100 of U.S. sales of the Accused Products. Magic Matrix's written response is attached as Exhibit D.

Magic Matrix also produced the underlying documents that support the sales summary that Magic Matrix filed in its opposition, including detailed records of the transactions for the sales of the three Accused Products. These documents verify that Magic Matrix's U.S. sales total less than $100. Plaintiff has not contended that this production is in any way inadequate to verify Magic Matrix's sales of the Accused Products.

**V. Subsequent communications regarding discovery**

After Magic Matrix provided its written objections and made its document production, Plaintiff sent a letter on July 29, 2026 purporting to identify deficiencies in Magic Matrix's response to Plaintiff's discovery requests. A copy of the letter is attached as Exhibit E. Plaintiff is attempting to tee up a motion to compel, which Magic Matrix will oppose for the reasons set forth in its written objections.

Plaintiff also made the assertion that she believes all 99 requests for admission are deemed admitted, *see* July 29, 2026 Letter attached as Exhibit F, even though Magic Matrix presented written objections to those requests. Under Rule 36(a)(3), Fed. R. Civ. P., a request is only deemed admitted if no response is received within 30 days. Magic Matrix provided a written response with its objections, so no requests are deemed admitted. To the extent Plaintiff maintains this position in its reply in support of her motion for a preliminary injunction, Magic Matrix will seek leave to file a sur-reply to more fully address the issue.

Plaintiff responded to both of these letters the following day, on July 30, 2026, reasserting that Magic Matrix has fully complied with its discovery obligations based upon its written objections and document production. A copy of the letter is attached as Exhibit G.

## VI. Magic Matrix opposes any further delay in resolving the pending motion for a preliminary injunction

Magic Matrix continues to have $20,000 of its funds restrained pursuant to a temporary restraining order, which is supposed to be extraordinary relief that is ordered on a temporary basis. Any further delay in resolution of the preliminary injunction motion violates due process and the Federal Rules of Civil Procedure, where the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 1, Fed. R. Civ. P.

There are only three U.S. sales of the Accused Products totaling less than $100. Magic Matrix has delisted the Accused Products and will not relist them. Magic Matrix has also offered $1000 to settle this case, an offer that Plaintiff has ignored. Instead, Plaintiff has prolonged the asset restraint and issued excessive and unwarranted discovery requests, which are far beyond any relevant scope and are plainly disproportionate to the needs of the case, which involves less than $100 in sales.

Plaintiff bears the burden on her motion for a preliminary injunction, and she should not be permitted to conduct extensive discovery for submission of evidence in a reply brief. Plaintiff's request for leave to take discovery is essentially an admission that she cannot satisfy her burden. To the extent Plaintiff contends that she needs additional discovery to support her motion – beyond the documents that Magic Matrix has already produced – Plaintiff should withdraw her motion as she cannot satisfy her burden.

Magic Matrix respectfully requests that the Court deny any further requests by Plaintiff to further delay resolution of the preliminary injunction motion, e.g., by pursuing a motion to compel, and set a deadline of August 7, 2026 for Plaintiff to file her reply brief.

Dated: July 31, 2026

s/Michael T. Griggs
Michael T. Griggs
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
mtg@boylefred.com

***Attorney for Defendants 28 and 29***

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Ex. A**

ALISON FRIEND,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-05581

Judge Charles P. Kocoras

Magistrate Judge Beth W. Jantz

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT NOS. 28 FAVOMENS.COM AND 29 LACEMYLIFE.COM**

Plaintiff, ALISON FRIEND ("Friend" or "Plaintiff"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, by and through Plaintiff's counsel, hereby requests that Defendant Nos. 28 favomens.com and 29 lacemylife.com in Schedule A to the Complaint (collectively, "Defendant"), respond to the following interrogatories, fully, in writing and under oath within thirty (30) calendar days of receipt hereof, in accordance with the following definitions and instructions, and serve such responses on Plaintiff's counsel at the office of Keith A. Vogt PLLC, 1820 NE 163rd Street, Suite #306, North Miami Beach, Florida 33162.

**DEFINITIONS AND INSTRUCTIONS**

In addition to the definitions and instructions set forth in Fed. R. Civ. P. 33, the following definitions and instructions apply to the interrogatories set forth below and should be considered as part of each such interrogatory:

1. These interrogatories are addressed to Defendant and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b)

any other person acting on Defendant's behalf or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

2. If you find the meaning of any term in these interrogatories to be unclear, you should assume a reasonable meaning, state what that meaning is, and respond to the interrogatory on the basis of that assumed meaning.

3. If you object to any subpart or portion of an interrogatory or object to identifying the documents, electronically stored information, or things requested, set forth fully the grounds upon which your objection is based and answer the unobjectionable subpart(s) of the interrogatory and/or supply the documents, electronically stored information, or things in lieu of identifying the same.

4. Where an objection is made to an interrogatory, state with specificity all grounds upon which the objection is based, along with a citation of any legal authority relied upon.

5. These interrogatories shall be deemed continuing so as to require further and supplemental responses in accordance with Fed. R. Civ. P. 26. Additionally, if at any time Defendant learns that an answer given to any interrogatory was incorrect when given or is no longer correct, Defendant shall promptly provide a written statement, under penalty of perjury, consisting of the correct answer to any such interrogatory.

6. Unless otherwise specified, the time period for these requests is from the date of creation, registration, or first use of each of Defendant's E-commerce Stores and each of Defendant's Financial Accounts (i.e., inception) to the present (the "Relevant Period").

7. "Document" is defined broadly to be given the full scope of that term contemplated in Fed. R. Civ. P. 34, and includes all tangible things, all originals (or, if originals are not available,

identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any document bearing marks, including, without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

8. "Document" shall also include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored electronically in computer memory, magnetic or hard disk, or other storage medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery: any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report, or other similar matter, and shall include, without limitation, letters, correspondence, communications, emails, telegrams, papers, cablegrams, mailgrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, schematics, engineering drawings, software source code listings, charts, plans, databases, diagrams, sketches or drawings photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of committee meetings, desk calendars, appointment books, diaries, diary entries, voicemails, newspapers, magazine or periodical articles, and any other record of any kind.

9. The term "identify," when used in reference to:

   a. an individual shall mean to state his or her full name, present or last known residence address, present or last known business address, and position or business affiliation;

   b. a business entity shall mean to state its form, full name, address of its present or last principal place of business, and its principal line of business;

   c. a document shall mean to provide information sufficient to locate that document, including, but not limited to, the following: the production number range (Bates range), the date appearing on such document or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title or label of such document; a general description of such document (e.g., letter, memorandum, drawing); the title or heading; the number of pages of which such document consists; the name of each person who signed, authored, or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such document; if the document existed at one time but does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete; and

   d. a communication shall mean to state its date, the communicator, the communicatee, the type of communication (i.e., conversation, telephone call, letter, note, etc.), and a brief description of its subject matter.

10. "Person" shall mean individuals or entities of any type, including, without limitation, individuals, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, limited liability companies, groups, trusts, mutual or joint ventures, and other forms of organizations or associations.

11. "Date" shall mean the exact date, month, and year or, if not ascertainable, the best approximation thereof.

12. The phrase "relating to", "related to", or "relate(s) to" means and includes concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

13. As used herein, "Plaintiff" shall mean, unless otherwise indicated, the Plaintiff identified in the above caption, any of Plaintiff's officers, directors, employees, agents, and representatives, and all persons acting on Plaintiff's behalf.

14. As used herein, "Defendant" or "Defendants" or "You" or "Your" or "Yourself" shall be deemed to include the named owner(s) and/or operator(s) of the favomens.com and lacemylife.com domain names listed as Defendant Nos. 28 and 29 in Schedule A to the Complaint, Magic Matrix Technology, Co. Ltd. ("Magic Matrix"), Tang Jing, and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, contractors, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf, or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

15. As used herein, "Defendant's E-commerce Store(s)" shall be deemed to include at least Your e-commerce stores operating the favomens.com and lacemylife.com domain names listed in Schedule A to the Complaint, the additional websites owned, operated, or otherwise controlled by Magic Matrix referenced in paragraph 3 of the Jing Declaration [63-1], the zhuoda.work website identified in the PayPal Records, and any other website, domain name, online marketplace account, or e-commerce storefront owned, operated, or otherwise controlled by Defendant, and any companies that own, operate, or otherwise control the e-commerce stores.

16. As used herein, "Defendant's E-Mail Addresses" shall be deemed to include any e-mail addresses used in connection with Defendant's E-commerce Store(s), including any e-mail address at the favomens.com or lacemylife.com domains, the stylesmg@outlook.com, coolwaremg@outlook.com, and gloriousws@outlook.com e-mail addresses identified in the PayPal Records, any e-mail address used to register, operate, or receive notices for any of Defendant's Financial Accounts, and any companies that own, operate, or otherwise control the aforementioned e-mail addresses.

17. As used herein, the "Alison Friend Works" or "Plaintiff's Copyrights" refer to the works protected by United States Copyright Registration Nos. VA 2-382-904; VA 2-382-902; VA 2-413-134; VA 2-413-347; VA 2-388-383; VA 2-413-112; VA 2-382-725; VA 2-388-382; VA 2-388-391; VA 2-382-907; VA 2-413-118; VA 2-412-957; and VA 2-413-115, including without limitation Registration Nos. VA 2-388-391 and VA 2-413-118. See Exhibit 1 to Plaintiff's Complaint [1].

18. As used herein, the "Accused Products" means or refers to the two shirt designs identified in paragraph 5 of the Jing Declaration [63-1]; the products shown in the listings captured in

Attachment 1, including the "Retro Cute Dog Art Print Casual 100% Cotton Shirt" offered on favomens.com and the "Women's Funny Dog Print Casual Top" offered on lacemylife.com; the products identified by Item SPU Nos. 223-250221-a27 and 103-250225-23 in the Sales Summary [63-2]; and any other product advertised, distributed, offered for sale, or sold by Defendant that reproduces, copies, displays, or is derived from any of the Alison Friend Works. "Infringing Products" means or refers to any product advertised, distributed, offered for sale, or sold by Defendant using, relating to, featuring, incorporating, or derived from any of the Alison Friend Works as defined above.

19. As used herein, the "Jing Declaration" shall mean the Declaration of Tang Jing filed in support of the Opposition of Defendants 28 and 29 to Plaintiff's Motion for a Preliminary Injunction [63-1], including Exhibit A thereto [63-2].

20. As used herein, the "Sales Summary" shall mean the one-page sales summary attached as Exhibit A to the Jing Declaration [63-2], including the screenshots depicted therein.

21. As used herein, "Attachment 1" shall mean Attachment 1 to Plaintiff's First Set of Requests for Admission, consisting of captures of Defendant's product listings and checkout pages for the favomens.com and lacemylife.com Defendant E-commerce Stores shown alongside the Alison Friend Works protected by U.S. Copyright Registration Nos. VA 2-388-391 and VA 2-413-118.

22. As used herein, the "PayPal Records" shall mean the account records produced by PayPal, Inc. in this Lawsuit pursuant to the expedited discovery authorized in the Temporary Restraining Order [18].

23. As used herein, the "PayPal Accounts" shall mean PayPal Account Nos. 5619307003249283930 and 5613148398520340709, through which Defendant received funds

for sales made through the favomens.com and lacemylife.com Defendant E-commerce Stores, including the account(s) referenced in paragraphs 4, 8, and 9 of the Jing Declaration [63-1] and the PayPal Records, and any other PayPal account owned, operated, or otherwise controlled by Defendant.

24. As used herein, the "Asset Restraint Orders" shall mean the Temporary Restraining Order [18], the Order Extending the Temporary Restraining Order [27], the Agreed Asset Restraint Order [37], and the Preliminary Injunction Order [48] entered in this Lawsuit.

25. As used herein, "Financial Accounts" shall be deemed to include any accounts relating to any banks, savings and loan associations, payment processors, or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), including the PayPal Accounts, or other merchant account providers, payment providers, third party payment processors, and credit card associations (e.g., MasterCard and Visa Inc.) which receive payments or hold assets for Defendant.

26. As used herein, "Social Media Accounts" shall be deemed to include any accounts used by You relating to any social media platforms, companies, or sites, including, without limitation, Wechat, Weibo, Xiaohongshu, Facebook, Instagram, TikTok, Pinterest, and X (Twitter).

27. As used herein, "Used" shall mean registered, owned, and/or operated.

28. "Lawsuit" or "Litigation" shall mean the above-captioned lawsuit filed in the U.S. District Court for the Northern District of Illinois.

29. "Complaint" shall mean the Complaint filed by Plaintiff in the Lawsuit, as well as any subsequently filed complaints by Plaintiff.

30. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most

appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

31. The Definitions from Plaintiff's First Set of Requests for Admission are incorporated by reference herein.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify Yourself, including, but not limited to, identifying each and every owner(s) and operator(s), if not the same, of:

Defendant's Company and/or Business(es), including Magic Matrix;

All Addresses used by Defendant's Company and/or Business(es);

Defendant's E-Commerce Store(s);

Defendant's Social Media Account(s);

Defendant's Financial Account(s), including the PayPal Accounts;

Defendant's E-mail Address(es); and

Any individuals involved in the ownership, operation, and/or control of Defendant's Company and/or E-commerce Store(s), including Tang Jing, and any documents and information verifying these relationships and roles.

Please provide the government identity card for each individual identified above, as well as the corporate registration documents for each company identified in this request.

**RESPONSE:**

**INTERROGATORY NO. 2:**

Identify each e-commerce store, website, domain name, and online marketplace storefront

that You own, operate, or otherwise control, or have owned, operated, or otherwise controlled, including the favomens.com and lacemylife.com Defendant E-commerce Stores and each of the additional websites referenced in paragraph 3 of the Jing Declaration, and for each: the store name and URL; the platform, host, or marketplace on which it operates; the date it was created or registered; whether it remains operational; the categories of products offered for sale; and each Financial Account used to process or receive payments for its sales.

**RESPONSE:**

**<u>INTERROGATORY NO. 3</u>:**

Identify each of Defendant's Financial Accounts, including the PayPal Accounts, and for each: the financial institution or payment processor; the account name, account number, and account ID; the registered owner and the e-mail address used to register the account; the date the account was opened; the current balance; the balance currently restrained pursuant to the Asset Restraint Orders; and each bank account, credit card, debit card, or other account linked to, connected with, or used to withdraw or transfer funds from the account. Your response shall also identify each Financial Account registered to Tang Jing or sharing a registration e-mail address, telephone number, physical address, or linked bank account with the PayPal Accounts, including PayPal Account Nos. 4835570778797577690 and 5619307003249283930 identified in the PayPal Records.

**RESPONSE:**

**<u>INTERROGATORY NO. 4</u>:**

For each of the PayPal Accounts, provide a complete transaction log covering the period

from the account's inception to the present, identifying for each transaction the date of the transaction, the Defendant E-commerce Store or other website or platform that originated the transaction, the product title and description, the SPU or other product identifier, the corresponding product image as listed at the time of sale, the number of units sold, the total amount charged, the payment processor used, and the shipping destination.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Identify and describe in detail the source of all funds currently restrained in Defendant's Financial Accounts pursuant to the Asset Restraint Orders, including a breakdown of the total revenue received from each payment processor, including PayPal, VISA, MasterCard, Discover, and any other payment service used by You, and a transaction log identifying all sales contributing to the restrained amounts, identifying for each transaction the date of the transaction, the Defendant E-commerce Store or other website or platform that originated the transaction, the product title and description, the SPU or other product identifier, the corresponding product image as listed at the time of sale, the number of units sold, the total amount charged, the payment processor used, and the shipping destination.

**RESPONSE:**

**INTERROGATORY NO. 6:**

Identify and describe in detail the source of the more than $1,000,000 received through the PayPal Accounts, as acknowledged in Defendants' Motion to Dismiss [53] at 1, and of the US $167,796.10 and US $219,317.86 account balances reflected in the PayPal Records for the PayPal

Accounts, including a breakdown of the total revenue received by each Defendant E-commerce Store and each other website or platform, by product, and by payment processor, and a transaction log identifying all sales contributing to those amounts, identifying for each transaction the date of the transaction, the Defendant E-commerce Store or other website or platform that originated the transaction, the product title and description, the SPU or other product identifier, the corresponding product image as listed at the time of sale, the number of units sold, the total amount charged, the payment processor used, and the shipping destination.

**RESPONSE:**

**<u>INTERROGATORY NO. 7</u>:**

State the total number of units of the Accused Products sold and the total revenue generated from those sales, identify each such sale (including the date, originating Defendant E-commerce Store, product title, SPU, product image, amount charged, buyer name, and shipping destination), and reconcile Your answer with (a) the statement in paragraph 7 of the Jing Declaration that Magic Matrix sold three Accused Shirts generating total revenue of less than $100.00; (b) the statement in Defendants' Opposition [63] at 1 that Magic Matrix's sales of the accused products "generat[ed] approximately $100 in revenue"; and (c) the $95.2725 total order amount shown in the Sales Summary.

**RESPONSE:**

**<u>INTERROGATORY NO. 8</u>:**

Describe in detail how the Sales Summary was prepared, including: the software, system, application, or database from which the screenshots in the Sales Summary were captured; the

identity of each person who prepared, captured, compiled, or reviewed it; the search terms, filters, criteria, and date ranges used to identify the sales reflected in it; the Defendant E-commerce Stores, websites, platforms, and Financial Accounts that were searched; and whether the Sales Summary reflects all sales of the Accused Products through all of Defendant's E-commerce Stores and all of Defendant's Financial Accounts.

**RESPONSE:**

**INTERROGATORY NO. 9:**

Identify the complete factual basis for the statement in Defendants' Opposition [63] at 1 that two of the three sales of the Accused Products "appear to be the result of test buys from Plaintiff's counsel," including the order number, order date, buyer name, buyer e-mail address, and shipping address for each purported test buy, and identify all documents and persons supporting that assertion.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Identify all products offered for sale through Defendant's E-commerce Stores, including the "more than 10,000 different products" referenced in paragraph 3 of the Jing Declaration, and for each product: its SPU or other product identifier; the product title; the product image(s) used in the listing; each Defendant E-commerce Store or other website or platform on which it is or was listed; and whether the product depicts, reproduces, or is derived from artwork created by any person other than Defendant, and, if so, the identity of the artist or rights holder and the basis for Defendant's claimed right to use the artwork.

**RESPONSE:**

**INTERROGATORY NO. 11:**

Identify the supplier, manufacturer, and source of the Accused Products and of the artwork, images, and designs used in the listings for the Accused Products, including the identity of each person who created, copied, uploaded, or approved the artwork or listings, where and from whom the images were obtained, and all persons or entities involved in sourcing, manufacturing, printing, listing, or fulfilling the Accused Products.

**RESPONSE:**

**INTERROGATORY NO. 12:**

Identify and describe the relationship between and among favomens.com, lacemylife.com, Magic Matrix, Tang Jing, Debbie Horne (also identified as Debra Horne), whose US Bank account and credit cards are linked to PayPal Account No. 5613148398520340709 as reflected in the PayPal Records, and any other defendant identified in Schedule A to the Complaint or any other e-commerce store, including any common or overlapping ownership, management, employees, office space, warehouses, suppliers, logistics providers, software systems, advertising accounts, e-mail addresses, or Financial Accounts, any employment or agency agreements, any joint ventures or shared resources, and any financial transactions between or among them. Your response shall also separately describe Defendant's relationship to each of the following e-mail addresses, identifying for each the person who created, registered, uses, or controls it and each e-commerce store, website, entity, or Financial Account associated with it: flowerws@outlook.com; happydaymg@outlook.com; bellesmg@outlook.com; beautws@outlook.com;

mgcloth@outlook.com; goodclothmg@outlook.com; gloriousws@outlook.com; fashionsmg@outlook.com; excitedmg@outlook.com; and zhuodasz@outlook.com.

**RESPONSE:**

**INTERROGATORY NO. 13:**

Identify any sales, offers for sale, shipments, or distributions of any products sold by You, or any e-commerce stores owned, operated, or otherwise controlled by You, to customers, entities, or third parties located in the United States, including Illinois, and provide the product image, the product name it was sold under, the price at which it was sold, the total number of units sold, the revenue generated, the e-commerce store through which the sale was completed, and the shipping address of each buyer.

**RESPONSE:**

**INTERROGATORY NO. 14:**

Identify and describe all marketing or advertising efforts made by or on behalf of Defendant, or any e-commerce stores owned, operated, or otherwise controlled by Defendant, that were accessible to or targeted to consumers in the United States, including residents of Illinois, including the names of the websites and platforms used, any internet-based marketing, and any data analytics, metrics, reporting tools, or targeting strategies used by Defendant to monitor or assess the geographic locations of its customers, including how Defendant tracks sales or visits from United States and Illinois residents.

**RESPONSE:**

**INTERROGATORY NO. 15:**

State whether Defendant or any e-commerce stores used, owned, operated, or otherwise controlled by Defendant have ever maintained, rented, leased, or otherwise utilized any office, facility, warehouse, fulfillment center, or other place of business in the United States, and if so, describe in detail the nature and duration of such use. For each use identified, provide the physical address of each location.

**RESPONSE:**

**INTERROGATORY NO. 16:**

State whether Defendant's E-commerce Stores, or any e-commerce stores owned, operated, or otherwise controlled by Defendant, have realized sales from customers located in Illinois, and if so, provide detailed sales data, including customer identities, physical addresses, photographs of each item sold, order numbers, dates, and quantities sold.

**RESPONSE:**

**INTERROGATORY NO. 17:**

Identify each transfer of funds out of any of Defendant's Financial Accounts during the Relevant Period, including (a) the transfers comprising the US $5,250,965.00 in total payments sent from PayPal Account No. 5613148398520340709, as reflected in the PayPal Records; (b) any transfer to the United States bank accounts identified in the PayPal Records, including the accounts at JPMORGAN CHASE BANK, NA, INTERNATIONAL BANK OF CHICAGO, COMMUNITY FEDERAL SAVINGS BANK, and the US Bank account held in the name of

Debbie Horne; and (c) all transfers since May 14, 2026, the date this Lawsuit was filed. For each transfer, identify the date and amount, the identity of the recipient, the destination account, the purpose of the transfer, and the identity of the person who initiated or authorized it.

**RESPONSE:**

**INTERROGATORY NO. 18:**

Describe in detail the corrective actions referenced in paragraph 6 of the Jing Declaration, including the date on which You first became aware of Plaintiff's claims and of this Lawsuit, the date on which You "immediately stopped offering the Accused Shirts for sale," each product and listing that was delisted or removed, the identity of each person who performed or directed the delisting, and any measures implemented to prevent the relisting of the Accused Products or other Infringing Products on any of Defendant's E-commerce Stores.

**RESPONSE:**

**INTERROGATORY NO. 19:**

Identify all lawsuits in which You are or have been a party within the last five years.

**RESPONSE:**

**INTERROGATORY NO. 20:**

Identify all persons who participated in, or were consulted in connection with, the preparation of the Jing Declaration, the preparation of the Sales Summary, and the responses to these Interrogatories.

**RESPONSE:**

Dated: July 17, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2026, a true and correct copy of the foregoing document was sent via electronic mail to the following:

Michael T. Griggs
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
mtg@boylefred.com

*/s/ Keith A. Vogt*
Keith A. Vogt
***ATTORNEY FOR PLAINTIFF***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**Ex. B**

ALISON FRIEND,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-05581

Judge Charles P. Kocoras

Magistrate Judge Beth W. Jantz

**PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION AND INSPECTION OF DOCUMENTS AND THINGS TO DEFENDANT NOS. 28 FAVOMENS.COM AND 29 LACEMYLIFE.COM**

Pursuant to Federal Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff, ALISON FRIEND ("Friend" or "Plaintiff"), requests that Defendant Nos. 28 favomens.com and 29 lacemylife.com in Schedule A to the Complaint (collectively, "Defendant"), produce for inspection and copying to Plaintiff's attorneys, all documents and things described below, which are in possession, custody or control of the Defendant, including Defendant's members, employees, agents, attorneys, accountants, principals, parents of subsidiaries, affiliates and/or any other persons or entities acting or purporting to act on behalf of the Defendant. Production shall be made as described below, within thirty (30) calendar days from the date of service of these requests.

**DEFINITIONS AND INSTRUCTIONS**

In addition to the definitions and instructions set forth in Fed. R. Civ. P. 34, the following definitions and instructions apply to the Requests for the Production and Inspection of Documents and Things (individually, "Request," and collectively, "Requests") set forth below and should be

considered as part of each such Request:

1. Defendant shall make the requested documents available for inspection and copying, or mail legible copies thereof, within thirty (30) calendar days after service of these Requests. If the documents are mailed, they shall be produced as they are kept in the usual course of business or shall be labeled to correspond with the requests below and shall be accompanied by an appropriate certificate signed by the custodian of records and shall be mailed to counsel for Plaintiff at the following address: Keith A. Vogt PLLC, 1820 NE 163rd Street, Suite #306, North Miami Beach, Florida 33162.
2. These Requests are addressed to Defendant and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.
3. Defendant is requested to produce all documents in its possession, custody, or control.
4. If you find the meaning of any term in these Requests to be unclear, you should assume a reasonable meaning, state what that meaning is, and respond to the Request on the basis of that assumed meaning.
5. If you object to any subpart or portion of a Request or object to providing the documents, electronically stored information, or things requested, set forth fully the grounds upon which your objection is based and answer the unobjectionable subpart(s) of the Request and/or supply the documents, electronically stored information, or things to which no objection is made.
6. Documents, electronically stored information, and things under your control must be

produced even though they are in the possession of an employee or agent of yours, such as an accountant, attorney, or other person from whom you have a right to retrieve the documents, electronically stored information, or things.

7. If any document, electronically stored information, or thing requested by Plaintiff cannot be produced in full after exercising due diligence to secure the document, electronically stored information, or thing, produce whatever portion of the document, electronically stored information, or thing remains and state whatever information, knowledge, or belief you have concerning the unproduced portion. If your response is qualified in any particular respect, set forth the details of such qualification.

8. If Defendant maintains that any document responsive to any Request had been destroyed, set forth the content of said document, the location of any copies of said document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

9. For any document, electronically stored information, or thing responsive to any request set forth below that Defendant seeks to withhold under a claim of privilege, Defendant shall redact the information being withheld for privilege and indicate the location of the redacted information on or in the produced document, electronically stored information, or thing. For each document, electronically stored information, thing, or part thereof withheld under a claim of privilege or for any other reason, Defendant shall state:

   a. that such material is being withheld;

   b. the name and title of all person(s) who possessed or controlled the document, electronically stored information, or thing;

   c. a brief description of the nature and subject matter of the document, electronically stored information, or thing, including the title and type of document (*i.e.*, whether

it is a letter, memorandum, drawing, etc.), electronically stored information, or thing;

d. the document's date or the electronically stored information's or thing's date of creation;

e. the name and title of the author(s) or creator(s);

f. the name and title of the sender(s) of the document or electronically stored information if different from the author(s) or creator(s);

g. the name and title of the person(s) to whom the document or electronically stored information is addressed or to whom the thing has been provided, including all person(s) who received copies, photographs, or other representations of the document or electronically stored information or thing;

h. the past and current location of all copies of the document or electronically stored information or thing;

i. the request or subpart to which the document or electronically stored information, withheld information, or thing is otherwise responsive; and

j. the type of privilege claimed (attorney-client communications, attorney work product) and the factual and legal basis supporting the claim of privilege.

10. These Requests require the production of documents, electronically stored information, and things either in the same form and same order as they are kept in the usual course of business or organized and labeled to correspond with the particular requests set forth below. If you choose the former method, the documents, electronically stored information, and things are to be produced in the boxes, file folders, bindings, or other containers in which the documents, electronically stored information, and things are kept in the usual course of business. The titles,

labels, or other descriptions on the boxes, file folders, bindings, or other containers are to be left intact.

11. Unless otherwise specified, the time period for these requests is from the date of creation, registration, or first use of each of Defendant's E-commerce Stores and each of Defendant's Financial Accounts (i.e., inception) to the present (the "Relevant Period").

12. These Requests shall be deemed continuing so as to require further and supplemental production in accordance with Fed. R. Civ. P. 26. Any additional documents responsive to these Requests which You acquire up to and including the date of production should be furnished.

13. If any document or electronically stored information or thing is not produced on the ground that such document or electronically stored information or thing is no longer in Defendant's possession, custody, or control, identify each such document or electronically stored information or thing and specify:

a. the document's date or the electronically stored information's or thing's date of creation;

b. a brief description of the nature and subject matter of the document or electronically stored information or thing, including the title and type of document (*i.e.*, whether it is a letter, memorandum, drawing, etc.) or electronically stored information or thing;

c. the name and title of the author(s) or creator(s), the sender(s), the addressee(s) and the recipient(s) of the document or electronically stored information or thing;

d. the name and title of all person(s) who possessed or controlled the document, electronically stored information, or thing;

e. the name and title of the person(s) most knowledgeable about the document or electronically stored information or thing;

f. the past and current location of all copies of the document or electronically stored information or thing; and

g. the name and title of the person(s) responsible for its destruction, loss, transfer, or other act or omission by which the document or electronically stored information or thing left in Defendant's possession, custody, or control, and the date of such act.

14. Any copy of a document or electronically stored information or thing other than the exact duplicate of that document or electronically stored information is a separate document or electronically stored information or thing.

15. Whenever such construction will serve to bring within the scope of these requests some documents, electronically stored information, or things that would otherwise not be brought within its scope, "any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" "and" should be understood to include and encompass "or;" "including" should be understood to mean including but not limited to; the singular of a word should be understood to include and encompass the plural of the word, and vice versa; and the past tense of a verb shall be understood to include the present tense, and vice versa.

16. Where an objection is made to a request, state all grounds upon which the objection is based, along with a citation of any legal authority relied upon.

17. Ordering and numbering of documents, electronically stored information, and things shall be performed in such a manner as to ensure that the source of each document, electronically

stored information, and thing may be determined.

18. Electronically stored information shall be produced in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable by Plaintiff.

19. "Communication(s)" shall mean the transmittal of information, in the form of facts, ideas, inquiries, or otherwise.

20. "Operate" means control, direct, manage, or be otherwise responsible for the E-commerce store(s) in question.

21. "Communication" shall include all exchanges of information, written or oral, including, without limitation, memoranda, telephone conversations, electronic mail, computer discs, documents, and telegrams.

22. "Document" is defined broadly to be given the full scope of that term contemplated in Fed. R. Civ. P. 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any document bearing marks, including, without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

23. "Document" shall also include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored electronically in computer

memory, magnetic or hard disk, or other storage medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery: any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report, or other similar matter, and shall include, without limitation, letters, correspondence, communications, emails, telegrams, papers, cablegrams, mailgrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, schematics, engineering drawings, software source code listings, charts, plans, databases, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of committee meetings, desk calendars, appointment books, diaries, diary entries, voicemails, newspapers, magazine or periodical articles, and any other record of any kind.

24. Documents that cannot be legibly copied should be made available or produced in their original form.

25. The term "identify," when used in reference to:

a. an individual shall mean to state his or her full name, present or last known residence address, present or last known business address, and position or business affiliation;

b. a business entity shall mean to state its form, full name, address of its present or last principal place of business, and its principal line of business;

c. a document shall mean to provide information sufficient to locate that document, including, but not limited to, the following: the production number range (Bates range), the date appearing on such document or, if no date appears thereon, the

approximate date the document was prepared; the identifying code number, file number, title or label of such document; a general description of such document (e.g., letter, memorandum, drawing); the title or heading; the number of pages of which such document consists; the name of each person who signed, authored, or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such document; if the document existed at one time for does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete; and

d. a communication shall mean to state its date, the communicator, the communicatee, the type of communication (i.e., conversation, telephone call, letter, note, etc.), and a brief description of its subject matter.

26. "Person" shall mean individuals or entities of any type, including, without limitation, individuals, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, limited liability companies, groups, trusts, mutual or joint ventures, and other forms of organizations or associations.

27. "Date" shall mean the exact date, month, and year or, if not ascertainable, the best approximation thereof.

28. The phrase "relating to", "related to", or "relate(s) to" means and includes concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or

supporting.

29. As used herein, "Plaintiff" shall mean, unless otherwise indicated, the Plaintiff identified in the above caption, any of Plaintiff's officers, directors, employees, agents, and representatives, and all persons acting on Plaintiff's behalf.

30. As used herein, "Defendant" or "Defendants" or "You" or "Your" or "Yourself" shall be deemed to include the named owner(s) and/or operator(s) of the favomens.com and lacemylife.com domain names listed as Defendant Nos. 28 and 29 in Schedule A to the Complaint, Magic Matrix Technology, Co. Ltd. ("Magic Matrix"), Tang Jing, and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, contractors, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf, or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

31. As used herein, "Defendant's E-commerce Store(s)" shall be deemed to include at least Your e-commerce stores operating the favomens.com and lacemylife.com domain names listed in Schedule A to the Complaint, the additional websites owned, operated, or otherwise controlled by Magic Matrix referenced in paragraph 3 of the Jing Declaration [63-1], the zhuoda.work website identified in the PayPal Records, and any other website, domain name, online marketplace account, or e-commerce storefront owned, operated, or otherwise controlled by Defendant, and any companies that own, operate, or otherwise control the e-commerce stores.

32. As used herein, "Defendant's E-Mail Addresses" shall be deemed to include any e-mail addresses used in connection with Defendant's E-commerce Store(s), including any e-mail

address at the favomens.com or lacemylife.com domains, the stylesmg@outlook.com, coolwaremg@outlook.com, and gloriousws@outlook.com e-mail addresses identified in the PayPal Records, any e-mail address used to register, operate, or receive notices for any of Defendant's Financial Accounts, and any companies that own, operate, or otherwise control the aforementioned e-mail addresses.

33. As used herein, "Financial Accounts" shall be deemed to include any accounts relating to any banks, savings and loan associations, payment processors, or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), including the PayPal Accounts, or other merchant account providers, payment providers, third party payment processors, and credit card associations (e.g., MasterCard and Visa Inc.) which receive payments or hold assets for Defendant.

34. As used herein, "Social Media Accounts" shall be deemed to include any accounts relating to any social media platforms, companies, or sites, including, without limitation, Wechat, Weibo, Xiaohongshu, Facebook, Instagram, TikTok, Pinterest, and X (Twitter).

35. As used herein, "Used" shall mean registered, owned, and/or operated.

36. "Concerning" means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1).

37. "Lawsuit" or "Litigation" shall mean the above-captioned lawsuit filed in the U.S. District Court for the Northern District of Illinois.

38. "Complaint" shall mean the Complaint filed by Plaintiff in the Lawsuit, as well as any subsequently filed complaints by Plaintiff.

39. As used herein, the "Alison Friend Works" or "Plaintiff's Copyrights" refer to the works

protected by United States Copyright Registration Nos. VA 2-382-904; VA 2-382-902; VA 2-413-134; VA 2-413-347; VA 2-388-383; VA 2-413-112; VA 2-382-725; VA 2-388-382; VA 2-388-391; VA 2-382-907; VA 2-413-118; VA 2-412-957; and VA 2-413-115, including without limitation Registration Nos. VA 2-388-391 and VA 2-413-118. See **Exhibit 1** to Plaintiff's Complaint [1].

40. As used herein, the "Accused Products" means or refers to the two shirt designs identified in paragraph 5 of the Jing Declaration [63-1]; the products shown in the listings captured in Attachment 1, including the "Retro Cute Dog Art Print Casual 100% Cotton Shirt" offered on favomens.com and the "Women's Funny Dog Print Casual Top" offered on lacemylife.com; the products identified by Item SPU Nos. 223-250221-a27 and 103-250225-23 in the Sales Summary [63-2]; and any other product advertised, distributed, offered for sale, or sold by Defendant that reproduces, copies, displays, or is derived from any of the Alison Friend Works. "Infringing Products" means or refers to any product advertised, distributed, offered for sale, or sold by Defendant using, relating to, featuring, incorporating, or derived from any of the Alison Friend Works as defined above.

41. As used herein, the "Jing Declaration" shall mean the Declaration of Tang Jing filed in support of the Opposition of Defendants 28 and 29 to Plaintiff's Motion for a Preliminary Injunction [63-1], including Exhibit A thereto [63-2].

42. As used herein, the "Sales Summary" shall mean the one-page sales summary attached as Exhibit A to the Jing Declaration [63-2], including the screenshots depicted therein.

43. As used herein, "Attachment 1" shall mean Attachment 1 to Plaintiff's First Set of Requests for Admission, consisting of captures of Defendant's product listings and checkout pages for the favomens.com and lacemylife.com Defendant E-commerce Stores shown alongside the

Alison Friend Works protected by U.S. Copyright Registration Nos. VA 2-388-391 and VA 2-413-118.

44. As used herein, the "PayPal Records" shall mean the account records produced by PayPal, Inc. in this Lawsuit pursuant to the expedited discovery authorized in the Temporary Restraining Order [18].

45. As used herein, the "PayPal Accounts" shall mean PayPal Account Nos. 5619307003249283930 and 5613148398520340709, through which Defendant received funds for sales made through the favomens.com and lacemylife.com Defendant E-commerce Stores, including the account(s) referenced in paragraphs 4, 8, and 9 of the Jing Declaration [63-1] and the PayPal Records, and any other PayPal account owned, operated, or otherwise controlled by Defendant.

46. As used herein, the "Asset Restraint Orders" shall mean the Temporary Restraining Order [18], the Order Extending the Temporary Restraining Order [27], the Agreed Asset Restraint Order [37], and the Preliminary Injunction Order [48] entered in this Lawsuit.

47. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## REQUESTS FOR INSPECTION

**REQUEST NO. 1:**

Produce for inspection and forensic examination any phones, USB storage devices, hard drives, and computers utilized by Defendant to conduct its business during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 2:**

Produce for inspection and forensic examination all web-based data storage hosts, personal e-mail accounts, and other websites that Defendant has used to store business information or communicate for any business-related purpose during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 3:**

Produce for inspection and forensic examination all cellular telephones, computers, hard drives, or tablets Defendant has used to interact with any clients, customers, and/or vendors at any time during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 4:**

Inspection of all systems, databases, or tools used by Defendant to track, record, or analyze sales and customer data for transactions involving United States residents, including Illinois, during the Relevant Period, including the software, system, or application from which the screenshots depicted in the Sales Summary [63-2] were captured.

**RESPONSE:**

**REQUEST NO. 5:**

Inspection of all marketing platforms, e-commerce listings, or advertisements maintained by Defendant that were accessible to Illinois residents during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 6:**

Inspection of all shipping and logistics records, including warehouse logs, inventory systems, and delivery records, related to products sold and shipped to United States residents during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 7:**

Inspection of all shipping and logistics records, including warehouse logs, inventory systems, and delivery records, related to products sold and shipped to Illinois consumers during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 8:**

Live inspection of each section, tab, and view of the order-management, inventory, or e-commerce back-end system(s) used for each Defendant E-commerce Store, including the system from which the screenshots depicted in the Sales Summary [63-2] were captured (e.g., orders, products, customers, analytics, reports, payments, and settings sections).

**RESPONSE:**

**REQUEST NO. 9:**

Inspection of all financial records, including payment processing systems and transaction logs, related to sales of products to United States residents, including Illinois residents, during the Relevant Period.

**RESPONSE:**

**<u>REQUEST NO. 10</u>:**

Inspection of any internal communications or memoranda regarding sales strategies, marketing efforts, or business plans targeting or encompassing United States or Illinois residents during the Relevant Period.

**RESPONSE:**

## <u>REQUESTS FOR PRODUCTION</u>

**<u>REQUEST NO. 1</u>:**

Documents, electronically stored information, and things supporting Your answer to Interrogatory No. 1, including but not limited to identification documents for named individuals, including Tang Jing, and registration documents and emails for Defendant's Company and/or Business(es), including Magic Matrix, Defendant's Company and/or Business Addresses, E-commerce Store(s), Social Media Account(s), Financial Account(s), and E-mail Addresses.

**RESPONSE:**

**<u>REQUEST NO. 2</u>:**

Documents, electronically stored information, and things sufficient to identify each e-commerce store, website, domain name, and online marketplace storefront identified in response to Interrogatory No. 2, including domain registration records, hosting agreements, platform or marketplace account registrations, and documents sufficient to show each Financial Account used to process payments for each store.

**RESPONSE:**

**REQUEST NO. 3:**

Documents and electronically stored information substantiating and identifying each Financial Account identified in response to Interrogatory No. 3, including but not limited to account statements, account numbers, names on the accounts, financial institutions where the accounts are held, connected bank accounts, payment processors, and related accounts.

**RESPONSE:**

**REQUEST NO. 4:**

The complete transaction logs identified in response to Interrogatory No. 4 for each of the PayPal Accounts, from the account's inception to the present, in native or reasonably usable electronic format, identifying for each transaction the date, the originating Defendant E-commerce Store or other website, the product title and description, the SPU or other product identifier, the corresponding product image as listed at the time of sale, the units sold, the amount charged, the payment processor used, and the shipping destination.

**RESPONSE:**

**REQUEST NO. 5:**

Documents and electronically stored information relating to Your response to Interrogatory No. 5, including documents showing the total revenue received from each payment processor and a transaction log of all sales contributing to the amounts currently restrained pursuant to the Asset Restraint Orders.

**RESPONSE:**

**REQUEST NO. 6:**

Documents and electronically stored information relating to Your response to Interrogatory No. 6, including documents showing how the PayPal Accounts received more than $1,000,000 (see [53] at 1) and a transaction log of all sales contributing to that amount.

**RESPONSE:**

**REQUEST NO. 7:**

Documents and electronically stored information relating to Your response to Interrogatory No. 7, including all order records, payment records, refund records, and shipping records for each sale of the Accused Products, and all documents reconciling the revenue figures stated in paragraph 7 of the Jing Declaration, Defendants' Opposition [63] at 1, and the Sales Summary.

**RESPONSE:**

**REQUEST NO. 8:**

Documents and electronically stored information relating to Your response to Interrogatory No. 8, including all documents relied upon, reviewed, consulted, or used in preparing the Sales Summary, all queries, search parameters, filters, and exports used to generate it, and native, unredacted copies of the screenshots depicted in it, with metadata intact.

**RESPONSE:**

**REQUEST NO. 9:**

Documents and electronically stored information relating to Your response to Interrogatory No. 9, including all documents supporting the assertion in Defendants' Opposition [63] at 1 that

two of the three sales of the Accused Products "appear to be the result of test buys from Plaintiff's counsel," including order records, buyer identities, e-mail addresses, and shipping addresses for each purported test buy.

**RESPONSE:**

**REQUEST NO. 10:**

Documents and electronically stored information relating to Your response to Interrogatory No. 10, including documents sufficient to identify each product offered for sale through Defendant's E-commerce Stores, its SPU or other product identifier, its listing images, and the store(s) on which it is or was listed.

**RESPONSE:**

**REQUEST NO. 11:**

Documents and electronically stored information relating to Your response to Interrogatory No. 11, including purchase orders, invoices, supplier agreements, manufacturing records, artwork source files, design files, and communications concerning the sourcing, manufacture, printing, listing, and fulfillment of the Accused Products and the artwork used in their listings.

**RESPONSE:**

**REQUEST NO. 12:**

Documents and electronically stored information relating to Your response to Interrogatory No. 12, including any WeChat messages, text messages, agreements, emails, and other communications that discuss Defendant's business relationship with Magic Matrix, Tang Jing, any

other defendant identified in Schedule A to the Complaint, or any other persons involved in the Lawsuit.

**RESPONSE:**

**REQUEST NO. 13:**

Documents and electronically stored information relating to Your response to Interrogatory No. 13, including order confirmations, shipping records, sales reports, product listings, transaction receipts, delivery information, customer addresses, and internal reports or spreadsheets reflecting sales to customers in the United States, including Illinois.

**RESPONSE:**

**REQUEST NO. 14:**

Documents and electronically stored information relating to Your response to Interrogatory No. 14, including all marketing materials, advertisements, or promotional content used to promote Defendant's E-commerce Stores, and all reports, dashboards, screenshots, user guides, internal communications, and data exports reflecting customer location data, traffic sources, or sales activity associated with customers located in the United States or Illinois.

**RESPONSE:**

**REQUEST NO. 15:**

Documents and electronically stored information relating to Your response to Interrogatory No. 15, including lease agreements, sublease agreements, rental contracts, utility bills, warehouse

receipts, correspondence, and any other documents reflecting Your use, ownership, or control of any office, warehouse, fulfillment center, or other physical location in the United States.

**RESPONSE:**

**REQUEST NO. 16:**

Documents and electronically stored information relating to Your response to Interrogatory No. 16, including order confirmations, shipping records, sales reports, product listings, transaction receipts, delivery information, customer addresses, and internal reports or spreadsheets reflecting sales to customers in Illinois.

**RESPONSE:**

**REQUEST NO. 17:**

Documents and electronically stored information relating to Your response to Interrogatory No. 17, including documents sufficient to show all transactions transferring funds out of Defendant's Financial Accounts since May 14, 2026, the date this Lawsuit was filed, and the recipient and destination of each transfer.

**RESPONSE:**

**REQUEST NO. 18:**

Documents and electronically stored information relating to Your response to Interrogatory No. 18, including documents sufficient to show the date and manner in which You stopped offering the Accused Products for sale, each listing that was delisted or removed, and any measures implemented to prevent relisting.

**RESPONSE:**

**<u>REQUEST NO. 19</u>:**

Documents and electronically stored information relating to Your response to Interrogatory No. 19, including complaints, sworn declarations, judgments, settlement agreements and court orders.

**RESPONSE:**

**<u>REQUEST NO. 20</u>:**

All documents, electronically stored information, things, and persons consulted or used in connection with the preparation of Defendant's responses to Plaintiff's First Set of Interrogatories to Defendant and these Document Requests.

**RESPONSE:**

**<u>REQUEST NO. 21</u>:**

All documents concerning the annual volume of sales (in dollars and units) of all goods sold, directly or indirectly, by Defendant within the United States during the Relevant Period.

**RESPONSE:**

**<u>REQUEST NO. 22</u>:**

All emails, text messages, online app messages such as WeChat messages, and mail sent and received by and between Defendant, Magic Matrix, Tang Jing, and any owner or operator of any Defendant E-commerce Store, related to the products sold by Defendant through Defendant's

E-commerce Store(s) and other online marketplaces within the United States, during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 23:**

Order confirmation emails for any and all orders placed with any E-commerce Store(s) owned, operated, or controlled by Defendant with shipping destinations in the United States during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 24:**

All documents sufficient to show the annual advertising expenditures incurred to promote goods sold through Defendant's E-commerce Store(s) during the Relevant Period, including invoices, payment confirmations, advertising receipts, and internal advertising budget records.

**RESPONSE:**

**REQUEST NO. 25:**

Documents and electronically stored information relating to each communication from You to United States consumers, including, but not limited to, advertisements, invoices, receipts, purchase confirmation emails, and shipping confirmation emails.

**RESPONSE:**

**<u>REQUEST NO. 26</u>:**

Documents sufficient to identify all financial accounts restrained pursuant to the Asset Restraint Orders, including current account balances and statements reflecting all transactions from the inception of each account to the present.

**RESPONSE:**

**<u>REQUEST NO. 27</u>:**

Documents sufficient to show all corrective actions You have undertaken, if any, to discontinue advertising and sales of any Infringing Products, including the Accused Products, including documents sufficient to show the date and manner of the delisting described in paragraph 6 of the Jing Declaration.

**RESPONSE:**

**<u>REQUEST NO. 28</u>:**

All consumer complaints, disputes, chargebacks, refund requests, returns, and negative reviews received by Defendant relating to any Infringing Products, including the Accused Products, during the Relevant Period.

**RESPONSE:**

**<u>REQUEST NO. 29</u>:**

All documents and electronically stored information reflecting or relating to each payment processor You have used in connection with sales through Defendant's E-commerce Stores, including agreements, account registrations, transaction histories, processing fee schedules, and

communications with PayPal, VISA, MasterCard, Discover, American Express, and any other financial institutions or payment providers.

**RESPONSE:**

**REQUEST NO. 30:**

All documents and electronically stored information reflecting or relating to any fees charged to consumers in connection with sales of Your products, including records of shipping fees, tax charges, insurance fees, and service fees, as well as any communications, policies, or internal records regarding the imposition and collection of such fees.

**RESPONSE:**

**REQUEST NO. 31:**

All documents showing the volume of sales, including gross revenue and net revenue, for any products sold by Defendant over the internet to customers in the United States, including Illinois, during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 32:**

All contracts, agreements, or terms of service entered into by Defendant, or any e-commerce stores owned, operated, or otherwise controlled by Defendant, to facilitate the sale of products to United States residents, including Illinois, during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 33:**

All analytics, metrics, or reports used by Defendant, or any e-commerce stores owned, operated, or otherwise controlled by Defendant, to track sales, customer demographics, or geographic data for products sold over the internet, specifically identifying sales to United States residents, including Illinois, during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 34:**

All documents showing the shipping or delivery of products to United States addresses, including Illinois, including carrier records, tracking information, and delivery confirmations, during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 35:**

All documents related to Defendant's tax filings or records concerning sales of products to United States residents, including Illinois residents, during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 36:**

All documents sufficient to show all product identification numbers (including SPUs) offered for sale by Defendant during the Relevant Period, including sales volume, shipping destinations, and the price of each item.

**RESPONSE:**

**<u>REQUEST NO. 37</u>:**

All documents concerning the filings You have made with any federal or local government entities in the United States, including but not limited to the Internal Revenue Service, United States Patent and Trademark Office, United States Copyright Office, and Customs and Border Protection.

**RESPONSE:**

**<u>REQUEST NO. 38</u>:**

All communications that Defendant received via Defendant's E-Mail Addresses related to sales of products on Defendant's E-commerce Stores within the United States during the Relevant Period.

**RESPONSE:**

**<u>REQUEST NO. 39</u>:**

All documents reflecting how and where Defendant advertised, promoted, distributed, or sold, directly or indirectly, any Infringing Products, including the Accused Products, as well as any other products sold through any of Defendant's E-commerce Stores within the United States, including documents identifying the distributors, retailers, and other business outlets that offered to sell said goods.

**RESPONSE:**

**REQUEST NO. 40:**

All documents showing costs or expenses incurred by Defendant in connection with any goods marketed or sold under or in connection with any Infringing Products, including the Accused Products, as well as any other products sold through Defendant's E-commerce Stores within the United States during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 41:**

All documents showing the calculation of the gross and net profits realized by Defendant, directly or indirectly, from the sale of any goods under or in connection with any Infringing Products, including the Accused Products, as well as any other products sold through Defendant's E-commerce Stores within the United States during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 42:**

All documents reflecting the number of sales of goods by Defendant under or in connection with any Infringing Products, including the Accused Products, as well as any other products sold through any of Defendant's E-commerce Stores within the United States, including, but not limited to, documents showing the information on which such calculations are based.

**RESPONSE:**

**REQUEST NO. 43:**

All documents showing what fees Defendant has paid to any third-party providers used in connection with its e-commerce business during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 44:**

All documents sufficient to show any transactions related to transferring funds out of Defendant's Financial Accounts during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 45:**

All documents sufficient to show the balance in each of the PayPal Accounts at the time the Temporary Restraining Order [18] was entered and at the time the Agreed Asset Restraint Order [37] was entered.

**RESPONSE:**

**REQUEST NO. 46:**

All documents sufficient to show how the PayPal Accounts received more than $1,000,000 (see [53] at 1), including monthly account statements and transaction detail reports for each of the PayPal Accounts from inception to the present.

**RESPONSE:**

**<u>REQUEST NO. 47</u>:**

All records related to sales of products on all of Defendant's E-commerce Stores within the United States during the Relevant Period.

**RESPONSE:**

**<u>REQUEST NO. 48</u>:**

All documents and electronically stored information showing the contents of each section, tab, and view of the order-management, inventory, or e-commerce back-end system(s) used for any Defendant E-commerce Store, including the system from which the screenshots depicted in the Sales Summary [63-2] were captured (e.g., home, orders, products, customers, discounts, marketing, analytics, reports, apps, channels, online store, inventory, and settings sections). This includes full-page screenshots and, where available, exported reports for each section, tab, and view.

**RESPONSE:**

**<u>REQUEST NO. 49</u>:**

All documents and electronically stored information sufficient to identify every individual or entity with access to the system(s) identified in the preceding Request, including name, company, role and permission level, email or username, dates access was granted, modified, or terminated, and the Defendant E-commerce Stores for which access was provided. Include user and permission lists, access logs, role definitions, and relevant configuration pages.

**RESPONSE:**

**REQUEST NO. 50:**

All documents and electronically stored information sufficient to identify each Defendant E-commerce Store or other website that uses or is connected to the system(s) identified in the preceding Requests, including for each: store name, domain or URL, and the associated marketplace platform or domain registrar. Include pages showing channel or multi-store connections and any mappings between stores, catalogs, and payment processors.

**RESPONSE:**

**REQUEST NO. 51:**

All documents and electronically stored information sufficient to show all transactions displayed or reflected in the system(s) identified in the preceding Requests for each Defendant E-commerce Store, identifying for each transaction the product title, description, images used at the time of sale, sale dates, the website or Defendant E-commerce Store that originated the transaction, amounts charged, payment processors used, and shipping destinations.

**RESPONSE:**

**REQUEST NO. 52:**

All documents and electronically stored information relied upon, reviewed, consulted, or used in preparing the Jing Declaration and the Sales Summary.

**RESPONSE:**

**REQUEST NO. 53:**

Native, unredacted copies of the screenshots depicted in the Sales Summary [63-2], with all metadata intact, together with the underlying data, reports, or exports from which those screenshots were captured.

**RESPONSE:**

**REQUEST NO. 54:**

All documents and electronically stored information supporting the statement in paragraph 7 of the Jing Declaration that Magic Matrix sold three Accused Shirts generating total revenue of less than $100.00, and the statement in Defendants' Opposition [63] at 1 that Magic Matrix's sales of the accused products "generat[ed] approximately $100 in revenue," including all documents reconciling those figures with each other and with the Sales Summary.

**RESPONSE:**

**REQUEST NO. 55:**

Documents sufficient to identify each sales channel other than Defendant's E-commerce Stores through which Defendant or Magic Matrix advertises, offers for sale, or sells products, including any accounts on Amazon, eBay, Walmart, Etsy, Temu, SHEIN, AliExpress, TikTok Shop, or any other online marketplace, and the Financial Accounts associated with each such channel.

**RESPONSE:**

**REQUEST NO. 56:**

Complete account statements and activity exports for each of the PayPal Accounts from the inception of each account to the present, including monthly statements and downloadable transaction detail reports.

**RESPONSE:**

**REQUEST NO. 57:**

Documents sufficient to identify every product listing that has appeared on each Defendant E-commerce Store during the Relevant Period, including the listing title, SPU or other product identifier, listing images, listing dates, and price, including the "more than 10,000 different products" referenced in paragraph 3 of the Jing Declaration.

**RESPONSE:**

**REQUEST NO. 58:**

All documents and electronically stored information relating to the design, creation, selection, copying, or sourcing of the artwork, images, and designs used in the listings for the Accused Products, including source files, communications with any supplier, designer, or third party, and documents sufficient to identify each person who created, copied, uploaded, or approved the artwork or listings.

**RESPONSE:**

**REQUEST NO. 59:**

All purchase orders, invoices, supplier agreements, and manufacturing records relating to the acquisition, manufacture, or printing of the Accused Products, and documents sufficient to show the quantity of Accused Products remaining in Defendant's inventory.

**RESPONSE:**

**REQUEST NO. 60:**

All communications concerning Plaintiff, the Alison Friend Works, this Lawsuit, the Temporary Restraining Order [18], the Preliminary Injunction Order [48], or the asset restraint, including communications with suppliers, platforms, payment processors, or any other defendant identified in Schedule A to the Complaint.

**RESPONSE:**

**REQUEST NO. 61:**

Corporate registration documents, business licenses, organizational charts, and documents sufficient to identify the officers, directors, shareholders, and employees of Magic Matrix and any parent, subsidiary, or affiliated entity, and government-issued identification documents for Tang Jing.

**RESPONSE:**

**REQUEST NO. 62:**

All indemnification agreements, insurance policies, or other agreements pursuant to which any person or entity may be obligated to indemnify or defend Defendant against claims of intellectual property infringement.

**RESPONSE:**

**REQUEST NO. 63:**

All documents relating to any prior claim, lawsuit, takedown notice, cease-and-desist letter, or platform complaint alleging intellectual property infringement by Defendant or any Defendant E-commerce Store.

**RESPONSE:**

**REQUEST NO. 64:**

All documents concerning transfers of funds between the PayPal Accounts and the United States bank accounts identified in the PayPal Records, including the accounts at JPMORGAN CHASE BANK, NA, INTERNATIONAL BANK OF CHICAGO, COMMUNITY FEDERAL SAVINGS BANK, and the US Bank account held in the name of Debbie Horne, including account statements for each such bank account from the date each account was linked to the present.

**RESPONSE:**

**REQUEST NO. 65:**

All documents concerning the US $5,250,965.00 in total payments sent from PayPal Account No. 5613148398520340709, as reflected in the PayPal Records, including documents

sufficient to identify each recipient, destination account, date, amount, and purpose of each transfer.

**RESPONSE:**

**<u>REQUEST NO. 66</u>:**

All documents concerning Debbie Horne (also identified as Debra Horne), including documents sufficient to identify her, her relationship to Defendant, Magic Matrix, and Tang Jing, any agreements with her, all communications with her, and all transactions involving the US Bank account and credit cards held in her name that are or have been linked to PayPal Account No. 5613148398520340709, as reflected in the PayPal Records.

**RESPONSE:**

**<u>REQUEST NO. 67</u>:**

All documents concerning the zhuoda.work website identified in the PayPal Records, including documents sufficient to identify its owner and operator, the products offered for sale through it, its sales to United States consumers, and each Financial Account used to process its sales.

**RESPONSE:**

**<u>REQUEST NO. 68</u>:**

All documents concerning PayPal Account No. 4835570778797577690 identified in the PayPal Records and any other Financial Account registered to Tang Jing, including account registrations, statements, and transaction logs, and all documents concerning the relationship

between Magic Matrix and 深圳市梅朵电子商务有限公司 (Shenzhen Meiduo E-commerce Co., Ltd.), including any common ownership, management, personnel, addresses, suppliers, or e-commerce stores.

**RESPONSE:**

**REQUEST NO. 69:**

All documents concerning the stylesmg@outlook.com and coolwaremg@outlook.com e-mail addresses identified in the PayPal Records, including account registrations and communications concerning Defendant's E-commerce Stores, Defendant's Financial Accounts, or the sale of products to United States consumers.

**RESPONSE:**

**REQUEST NO. 70:**

All documents concerning the following e-mail addresses, including account registration and recovery information, documents sufficient to identify each person who created, registered, uses, or controls each address, and communications concerning any e-commerce store, website, entity, or Financial Account associated with each address: flowerws@outlook.com; happydaymg@outlook.com; bellesmg@outlook.com; beautws@outlook.com; mgcloth@outlook.com; goodclothmg@outlook.com; gloriousws@outlook.com; fashionsmg@outlook.com; excitedmg@outlook.com; and zhuodasz@outlook.com.

**RESPONSE:**

**REQUEST NO. 71:**

All documents identified, referenced, or relied upon in Your responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Admission.

**RESPONSE:**

**REQUEST NO. 72:**

All documents and electronically stored information concerning each payment processor, merchant acquirer, payment aggregator, or money-services business other than PayPal that You have used to receive, hold, settle, or transfer proceeds of sales through any Defendant E-commerce Store, including, without limitation, Airwallex, PingPong, Payoneer, WorldFirst, Stripe, LianLian Global, Alipay, and WeChat Pay, including account registrations, account statements, settlement and deposit reports, transaction histories, and each bank account linked to each such processor.

**RESPONSE:**

Dated: July 17, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*

Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2026, a true and correct copy of the foregoing document was sent via electronic mail to the following:

Michael T. Griggs
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
mtg@boylefred.com

*/s/ Keith A. Vogt*
Keith A. Vogt
***ATTORNEY FOR PLAINTIFF***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Ex. C

ALISON FRIEND,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-05581

Judge Charles P. Kocoras

Magistrate Judge Beth W. Jantz

**PLAINTIFF'S FIRST SET OF ADMISSIONS TO**
**DEFENDANT NOS. 28 FAVOMENS.COM AND 29 LACEMYLIFE.COM**

Plaintiff, ALISON FRIEND ("Friend" or "Plaintiff"), pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, by and through Plaintiff's counsel, hereby requests that Defendant Nos. 28 favomens.com and 29 lacemylife.com in Schedule A to the Complaint (collectively, "Defendant"), answer the following Requests for Admissions, separately and fully in writing under oath, within thirty (30) calendar days of receipt hereof.

**DEFINITIONS AND INSTRUCTIONS**

1. In addition to the definitions and instructions set forth in Fed. R. Civ. P. 36, the following definitions and instructions apply to the Requests for Admissions set forth above and should be considered as part of each such request:

2. These Requests are addressed to Defendant and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf or on whose behalf Defendant acted; and (c) any other person

otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

3. As used herein, "Plaintiff" shall mean, unless otherwise indicated, the Plaintiff identified in the above caption, any of Plaintiff's officers, directors, employees, agents, and representatives, and all persons acting on Plaintiff's behalf.

4. As used herein, "Defendant" or "Defendants" or "You" or "Your" or "Yourself" shall be deemed to include the named owner(s) and/or operator(s) of the favomens.com and lacemylife.com domain names listed as Defendant Nos. 28 and 29 in Schedule A to the Complaint, Magic Matrix Technology, Co. Ltd. ("Magic Matrix"), Tang Jing, and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, contractors, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf, or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

5. As used herein, "Defendant's E-commerce Store(s)" shall be deemed to include at least Your e-commerce stores operating the favomens.com and lacemylife.com domain names listed in Schedule A to the Complaint, the additional websites owned, operated, or otherwise controlled by Magic Matrix referenced in paragraph 3 of the Jing Declaration [63-1], the zhuoda.work website identified in the PayPal Records, and any other website, domain name, online marketplace account, or e-commerce storefront owned, operated, or otherwise controlled by Defendant, and any companies that own, operate, or otherwise control the e-commerce stores.

6. As used herein, "Defendant's E-Mail Addresses" shall be deemed to include any e-mail addresses used in connection with Defendant's E-commerce Store(s), including any e-mail address

at the favomens.com or lacemylife.com domains, the stylesmg@outlook.com, coolwaremg@outlook.com, and gloriousws@outlook.com e-mail addresses identified in the PayPal Records, any e-mail address used to register, operate, or receive notices for any of Defendant's Financial Accounts, and any companies that own, operate, or otherwise control the aforementioned e-mail addresses.

7. As used herein, the "Alison Friend Works" or "Plaintiff's Copyrights" refer to the works protected by United States Copyright Registration Nos. VA 2-382-904; VA 2-382-902; VA 2-413-134; VA 2-413-347; VA 2-388-383; VA 2-413-112; VA 2-382-725; VA 2-388-382; VA 2-388-391; VA 2-382-907; VA 2-413-118; VA 2-412-957; and VA 2-413-115, including without limitation Registration Nos. VA 2-388-391 and VA 2-413-118. See Exhibit 1 to Plaintiff's Complaint [1].

8. As used herein, the "Accused Products" means or refers to the two shirt designs identified in paragraph 5 of the Jing Declaration [63-1]; the products shown in the listings captured in **Attachment 1**, including the "Retro Cute Dog Art Print Casual 100% Cotton Shirt" offered on favomens.com and the "Women's Funny Dog Print Casual Top" offered on lacemylife.com; the products identified by Item SPU Nos. 223-250221-a27 and 103-250225-23 in the Sales Summary [63-2]; and any other product advertised, distributed, offered for sale, or sold by Defendant that reproduces, copies, displays, or is derived from any of the Alison Friend Works. "Infringing Products" means or refers to any product advertised, distributed, offered for sale, or sold by Defendant using, relating to, featuring, incorporating, or derived from any of the Alison Friend Works as defined above.

9. As used herein, "Financial Accounts" shall be deemed to include any accounts relating to any banks, savings and loan associations, payment processors, or other financial

institutions, including, without limitation, PayPal, Inc. ("PayPal"), including the PayPal Accounts, or other merchant account providers, payment providers, third party payment processors, and credit card associations (e.g., MasterCard and Visa Inc.) which receive payments or hold assets for Defendant.

10. As used herein, the "Jing Declaration" shall mean the Declaration of Tang Jing filed in support of the Opposition of Defendants 28 and 29 to Plaintiff's Motion for a Preliminary Injunction [63-1], including Exhibit A thereto [63-2].

11. As used herein, the "Sales Summary" shall mean the one-page sales summary attached as Exhibit A to the Jing Declaration [63-2], including the screenshots depicted therein.

12. As used herein, "**Attachment 1**" shall mean Attachment 1 to Plaintiff's First Set of Requests for Admission, consisting of captures of Defendant's product listings and checkout pages for the favomens.com and lacemylife.com Defendant E-commerce Stores shown alongside the Alison Friend Works protected by U.S. Copyright Registration Nos. VA 2-388-391 and VA 2-413-118.

13. As used herein, the "PayPal Records" shall mean the account records produced by PayPal, Inc. in this Lawsuit pursuant to the expedited discovery authorized in the Temporary Restraining Order [18].

14. As used herein, the "PayPal Accounts" shall mean PayPal Account Nos. 5619307003249283930 and 5613148398520340709, through which Defendant received funds for sales made through the favomens.com and lacemylife.com Defendant E-commerce Stores, including the account(s) referenced in paragraphs 4, 8, and 9 of the Jing Declaration [63-1] and the PayPal Records, and any other PayPal account owned, operated, or otherwise controlled by Defendant.

15. As used herein, the "Asset Restraint Orders" shall mean the Temporary Restraining Order [18], the Order Extending the Temporary Restraining Order [27], the Agreed Asset Restraint Order [37], and the Preliminary Injunction Order [48] entered in this Lawsuit.

16. "Communication" shall include all exchanges of information, written or oral, including, without limitation, memoranda, telephone conversations, electronic mail, computer discs, documents, and telegrams.

17. These requests for admission are continuing and require further answer and supplementation, as provided by Fed. R. Civ. P. 26(e).

18. "Lawsuit" or "Litigation" shall mean the above-captioned lawsuit filed in the U.S. District Court for the Northern District of Illinois.

19. "Complaint" shall mean the Complaint filed by Plaintiff in the Lawsuit, as well as any subsequently filed complaints by Plaintiff.

20. The singular form of a word should be interpreted in the plural, as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

21. Unless you properly object to a request, you must, under Federal Rule of Civil Procedure 36, admit, specifically deny, or state in detail why you cannot truthfully admit or deny each of the following requests based on knowledge and information in your possession, custody or control, or in the possession, custody or control of your representatives, agents, or attorneys. If you do not respond to each of these requests within thirty (30) days, the requests will be deemed admitted under Federal Rule of Civil Procedure 36.

22. If you object to or refuse to answer any request for admission on the ground that

the answer reflects or would reveal the substance of a confidential or privileged communication, please provide a privilege log and identify the following:

a. the nature of the privilege claimed;

b. the person who made the communication, whether oral or in writing;

c. if the communication was oral, all persons present during the communication;

d. if the communication was written, the author, addresses, and any other recipients;

e. the relationship of the author of the communication to each recipient;

f. the relationship of the persons present to the person who made the communication;

g. the date and place of the communication;

h. the general subject matter of the communication; and

i. other information sufficient to enable a full assessment of the applicability of the privilege claims, as required by FRCP 26(b)(5), the court's local rules, and the judge's individual practice rules.

23. These requests for admission are continuing in nature. If you receive or otherwise become aware of information that would change your answer to any of these requests for admission after you have served your response, you must comply with Federal Rules of Civil Procedure 26(e) and 36(b) by promptly supplementing your answers or filing the appropriate motion.

## REQUESTS FOR ADMISSION

**Request for Admission 1:** Admit that Plaintiff owns the Alison Friend Works, including United States Copyright Registration Nos. VA 2-388-391 and VA 2-413-118. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 2:** Admit that the copyright registration certificates attached as Exhibit 1 to the Complaint [1] are true and correct copies of the certificates issued by the Register of Copyrights. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 3:** Admit that You own, operate, or otherwise control the favomens.com Defendant E-commerce Store identified as Defendant No. 28 in Schedule A to the Complaint. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 4:** Admit that You own, operate, or otherwise control the lacemylife.com Defendant E-commerce Store identified as Defendant No. 29 in Schedule A to the Complaint. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 5:** Admit that Magic Matrix owns, operates, or otherwise controls both the favomens.com and lacemylife.com Defendant E-commerce Stores. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 6:** Admit that Tang Jing is the Chief Executive Officer of Magic Matrix. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 7:** Admit that Magic Matrix owns, operates, or otherwise controls e-commerce websites in addition to the favomens.com and lacemylife.com Defendant E-commerce Stores. To the extent that any of your responses to this request for admissions is not an unqualified

admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 8:** Admit that the favomens.com and lacemylife.com Defendant E-commerce Stores share common ownership, management, and operational control. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 9:** Admit that the PayPal Accounts are registered to, owned by, or controlled by Magic Matrix. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 10:** Admit that You did not obtain any license, authorization, permission, agreement, or contract from Plaintiff to reproduce, distribute, display, or create derivative works of any of the Alison Friend Works. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 11:** Admit that You have not remitted any royalties, fees, or other payments to Plaintiff for use of the Alison Friend Works in connection with any Infringing Products, including the Accused Products, advertised, offered for sale, or sold through Defendant's E-commerce Stores. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 12:** Admit that the Accused Products bear reproductions of, or images derived from, one or more of the Alison Friend Works. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 13:** Admit that You did not create the artwork depicted on the Accused Products. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 14:** Admit that **Attachment 1** identifies Your product listings and the Accused Products. To the extent that any of your responses to this request for admissions is not an

unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 15:** Admit that You offered for sale the product titled "Retro Cute Dog Art Print Casual 100% Cotton Shirt" at a price of $37.99 in U.S. dollars through the favomens.com Defendant E-commerce Store, as shown in **Attachment 1**. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 16:** Admit that You offered for sale the product titled "Women's Funny Dog Print Casual Top" at a price of $24.99 in U.S. dollars through the lacemylife.com Defendant E-commerce Store, as shown in **Attachment 1**. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 17:** Admit that the artwork depicted on the product shown in the favomens.com listing in **Attachment 1** is identical or substantially similar to the Alison Friend Work protected by U.S. Copyright Registration No. VA 2-388-391. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 18:** Admit that the artwork depicted on the product shown in the lacemylife.com listing in **Attachment 1** is identical or substantially similar to the Alison Friend Work protected by U.S. Copyright Registration No. VA 2-413-118. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 19:** Admit that, as shown in **Attachment 1**, Defendant's E-commerce Stores accepted a Chicago, Illinois shipping address at checkout for the Accused Products. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 20:** Admit that, as shown in **Attachment 1**, Defendant's E-commerce Stores offered PayPal as a payment method at checkout. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 21:** Admit that You did not conduct any prior research or due diligence to determine whether You were authorized to advertise, offer for sale, or sell products, including any Infringing Products and the Accused Products, bearing or derived from any of the Alison Friend Works. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 22:** Admit that You did not conduct any searches using images or videos to determine whether the products You listed for sale infringed upon any intellectual property rights. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 23:** Admit that You do not have any procedures in place to determine whether You have the right to use third-party artwork, including the Alison Friend Works, in connection with the marketing, advertising, offering for sale, and sale of goods. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 24:** Admit that You advertised and/or offered for sale products, including Infringing Products and the Accused Products, to consumers in the United States, including Illinois. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 25:** Admit that You sold at least one Accused Product within the United States. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 26:** Admit that You sold at least three Accused Products through Defendant's E-commerce Stores, as stated in paragraph 7 of the Jing Declaration. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 27:** Admit that You shipped Infringing Products, including the Accused Products, to consumers with United States addresses, including Illinois. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all

documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 28:** Admit that You accepted money from the sale of Infringing Products, including the Accused Products, from buyers with United States addresses. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 29:** Admit that You accepted money from the sale of Infringing Products, including the Accused Products, from buyers with Illinois addresses. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 30:** Admit that the Accused Products had the option to ship and complete delivery to buyers within the United States, including Illinois. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 31:** Admit that Defendant's E-commerce Store(s) did not exclude shipping to the United States. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 32:** Admit that Defendant's E-commerce Store(s) did not exclude shipping to Illinois. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 33:** Admit that the prices for products listed on Defendant's E-commerce Store(s) are displayed in U.S. dollars. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 34:** Admit that You chose to offer to sell products, including Infringing Products and the Accused Products, to consumers in the United States when setting up Defendant's E-commerce Store(s). To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 35:** Admit that You chose to sell products on the internet via the Defendant E-commerce Store(s) to target consumers within the United States, including Illinois. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 36:** Admit that when a consumer purchases Your products through the Defendant E-commerce Store(s), they receive emails related to their purchase. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 37:** Admit that when a customer places an order with Defendant's E-commerce Store(s), You receive a Communication documenting the purchase. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 38:** Admit that when a customer places an order through Defendant's E-commerce Store(s), that customer would receive a tracking number to track the shipment of their purchase. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 39:** Admit that the tracking and shipping of products sold through the Defendant E-commerce Store(s) is handled by one or more third-party service providers with shipping and fulfillment operations across the United States, including within Illinois. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 40:** Admit that Defendant has engaged in marketing or advertising efforts that were accessible to residents of Illinois. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 41:** Admit that Defendant's internet listings for products, including the Accused Products, are accessible to residents of Illinois and the United States. To the extent that

any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 42:** Admit that Defendant purposefully directed business activities to Illinois and the United States by offering products for sale on Defendant's E-commerce Stores. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 43:** Admit that Defendant has utilized payment processors or financial institutions within the United States to facilitate transactions involving customers in Illinois. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 44:** Admit that Defendant has utilized payment processors or financial institutions within the United States to facilitate transactions involving customers in the United States. To the extent that any of your responses to this request for admissions is not an unqualified

admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 45:** Admit that You use multiple e-mail addresses, including the Defendant's E-mail Addresses, in connection with the Defendant's E-commerce Store(s). To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 46:** Admit that the e-mail address flowerws@outlook.com was created, registered, or used by You or on Your behalf. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 47:** Admit that the e-mail address happydaymg@outlook.com was created, registered, or used by You or on Your behalf. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 48:** Admit that the e-mail address bellesmg@outlook.com was created, registered, or used by You or on Your behalf. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 49:** Admit that the e-mail address beautws@outlook.com was created, registered, or used by You or on Your behalf. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 50:** Admit that the e-mail address mgcloth@outlook.com was created, registered, or used by You or on Your behalf. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 51:** Admit that the e-mail address goodclothmg@outlook.com was created, registered, or used by You or on Your behalf. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 52:** Admit that the e-mail address gloriousws@outlook.com was created, registered, or used by You or on Your behalf. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 53:** Admit that the e-mail address fashionsmg@outlook.com was created, registered, or used by You or on Your behalf. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 54:** Admit that the e-mail address excitedmg@outlook.com was created, registered, or used by You or on Your behalf. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 55:** Admit that the e-mail address zhuodasz@outlook.com was created, registered, or used by You or on Your behalf. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 56:** Admit that You use multiple advertising channels and social media accounts in connection with products sold through the Defendant E-commerce Store(s). To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 57:** Admit that You use multiple Financial Accounts, including the PayPal Accounts, in connection with the operation of the Defendant E-commerce Store(s). To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 58:** Admit that the PayPal Accounts are registered by You and are used for transactions related to Defendant's E-commerce Stores. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 59:** Admit that the PayPal Accounts received payments for sales of the Accused Products. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 60:** Admit that PayPal Account No. 5619307003249283930, as reflected in the PayPal Records, is registered to Tang Jing under the business name 魔力矩阵（深圳）科技有限公司 (Magic Matrix (Shenzhen) Technology Co., Ltd.) with the e-mail address stylesmg@outlook.com. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 61:** Admit that PayPal Account No. 5619307003249283930 held an account balance of US $167,796.10, as reflected in the PayPal Records. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 62:** Admit that PayPal Account No. 5619307003249283930 is linked to bank accounts at JPMORGAN CHASE BANK, NA, INTERNATIONAL BANK OF CHICAGO,

and COMMUNITY FEDERAL SAVINGS BANK, each located in the United States, as reflected in the PayPal Records. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 63:** Admit that INTERNATIONAL BANK OF CHICAGO is a financial institution located in Illinois. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 64:** Admit that PayPal Account No. 5613148398520340709, as reflected in the PayPal Records, is registered to Tang Jing under the business name 魔力矩阵（深圳）科技有限公司 (Magic Matrix (Shenzhen) Technology Co., Ltd.) with the e-mail address coolwaremg@outlook.com. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 65:** Admit that PayPal Account No. 5613148398520340709 is registered by You and used for transactions related to Defendant's E-commerce Stores. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all

documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 66:** Admit that PayPal Account No. 5613148398520340709 held an account balance of US $219,317.86, as reflected in the PayPal Records. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 67:** Admit that US $5,250,965.00 in total payments have been sent from PayPal Account No. 5613148398520340709, as reflected in the PayPal Records. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 68:** Admit that the combined account balances of the PayPal Accounts reflected in the PayPal Records total US $387,113.96. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 69:** Admit that PayPal Account No. 5613148398520340709 lists the URL zhuoda.work, as reflected in the PayPal Records. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 70:** Admit that zhuoda.work is a website owned, operated, or otherwise controlled by You. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 71:** Admit that PayPal Account No. 5613148398520340709 is linked to a bank account at US Bank held in the name of Debbie Horne, as reflected in the PayPal Records. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 72:** Admit that credit cards held in the name of Debbie Horne or Debra Horne, issued by CHASE, CITIBANK N.A., and AMERICAN EXPRESS, are or have been linked to PayPal Account No. 5613148398520340709, as reflected in the PayPal Records. To the extent

that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 73:** Admit that Debbie Horne (also identified as Debra Horne) is not an officer, director, or employee of Magic Matrix. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 74:** Admit that Tang Jing is also the registered user of PayPal Account No. 4835570778797577690, as reflected in the PayPal Records, registered under the business name 深圳市梅朵电子商务有限公司 (Shenzhen Meiduo E-commerce Co., Ltd.) with the credit card statement name WINTERSWEET. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 75:** Admit that the account balance of PayPal Account No. 5619307003249283930 reflected in the PayPal Records exceeds the total revenue Defendant claims to have generated from sales of the Accused Products. To the extent that any of your

responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 76:** Admit that more than $1,000,000 has been received through the PayPal Accounts, as acknowledged in Defendants' Motion to Dismiss [53] at 1. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 77:** Admit that the PayPal Accounts have been used in connection with e-commerce stores and websites other than the favomens.com and lacemylife.com Defendant E-commerce Stores. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 78:** Admit that You have transferred funds from the PayPal Accounts to bank accounts located in China. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 79:** Admit that funds received from sales of the Accused Products are commingled in the PayPal Accounts with funds received from sales of other products, as described in paragraph 4 of the Jing Declaration. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 80:** Admit that You have not produced a complete transaction log identifying every sale contributing to the funds held in the PayPal Accounts. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 81:** Admit that the Sales Summary was not generated from PayPal records. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 82:** Admit that the Sales Summary does not identify all sales made through the PayPal Accounts. To the extent that any of your responses to this request for

admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 83:** Admit that the Sales Summary does not identify all products sold through Defendant's E-commerce Stores. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 84:** Admit that the Sales Summary does not identify the software, system, or application from which the screenshots depicted in it were captured. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 85:** Admit that Magic Matrix sold three Accused Shirts generating total revenue of less than $100.00, as stated in paragraph 7 of the Jing Declaration. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 86:** Admit that Defendants' Opposition [63] at 1 states that Magic Matrix's sales of the accused products "generat[ed] approximately $100 in revenue." To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 87:** Admit that the Sales Summary shows a total order amount of $95.2725. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 88:** Admit that Magic Matrix sells more than 10,000 different products, as stated in paragraph 3 of the Jing Declaration. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 89:** Admit that the funds within the PayPal Accounts are attributable to many products sold by Magic Matrix across many online platforms, as stated in paragraph 4 of the Jing Declaration. To the extent that any of your responses to this request for admissions is not an

unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 90:** Admit that You did not stop offering the Accused Products for sale until after Your PayPal account was frozen pursuant to the Temporary Restraining Order [18]. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 91:** Admit that You are able to relist the Accused Products for sale on Defendant's E-commerce Stores at any time. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 92:** Admit that You have not entered into any judicially enforceable covenant or agreement not to resume advertising, offering for sale, or selling the Accused Products. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 93:** Admit that, before this Lawsuit, You were aware of Plaintiff and/or the Alison Friend Works. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 94:** Admit that Defendant has been involved in at least one prior intellectual property (e.g., patent, copyright, trademark, trade secret, etc.) infringement lawsuit as a defendant. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 95:** Admit that You are not, and have never been, authorized by Plaintiff to act as a licensee, distributor, or retailer of any products bearing the Alison Friend Works. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 96:** Admit that You have used one or more payment processors, payment aggregators, or money-services businesses other than PayPal (including, without limitation,

Airwallex, PingPong, Payoneer, WorldFirst, Stripe, LianLian Global, Alipay, or WeChat Pay) to receive or process payments for sales through Defendant's E-commerce Stores. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 97:** Admit that the funds restrained pursuant to the Asset Restraint Orders include proceeds of sales made through websites or Financial Accounts other than the favomens.com and lacemylife.com Defendant E-commerce Stores. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 98:** Admit that the additional websites owned, operated, or otherwise controlled by Magic Matrix referenced in paragraph 3 of the Jing Declaration used one or more of the PayPal Accounts, or other Financial Accounts identified in the PayPal Records, to process or receive payments. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

**Request for Admission 99:** Admit that neither the Jing Declaration nor the Sales Summary identifies all sales, products, websites, or Financial Accounts contributing to the funds restrained pursuant to the Asset Restraint Orders. To the extent that any of your responses to this request for admissions is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

Dated: July 17, 2026

Respectfully submitted,

<u>*/s/ Keith A. Vogt*</u>

Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2026, a true and correct copy of the foregoing document was sent via electronic mail to the following:

Michael T. Griggs
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
mtg@boylefred.com

*/s/ Keith A. Vogt*
Keith A. Vogt
***ATTORNEY FOR PLAINTIFF***

Alison Friend v. The Partnerships and Unincorporated Associations Identified on Schedule "A"
Case No. 1:26-cv-05581 (N.D. Ill.)

# ATTACHMENT 1

to Plaintiff's First Set of Requests for Admission to
Defendant Nos. 28 favomens.com and 29 lacemylife.com

*Captures of Defendant's product listings and checkout pages (favomens.com and lacemylife.com)*

028 favomens.com

2/26/26, 4:32 PM FAVOMENS

BUY 5 GET 6TH FREE ! +FREE SHIPPING OVER $99.00

FAVOMENS

English USD

New In | Best Seller | Spring 2026 | 100% Cotton Shirts | Pants | Cardigan Jacket | Valentine's Day | Blazer | More links



Retro Cute Dog Art Print Casual 100% Cotton Shirt

$37.99

Buy 2 items and save 5% off
Buy 4 items and save 10% off
Buy 6 items and save 15% off

Spend $89 to get 1 free gift(s)

Color: Multicolor

Multicolor

Size: S

S | M | L | XL | 2XL | 3XL | 4XL | 5XL

Quantity

1

Add to cart - $37.99

Buy now

PayPal | Pay Later

AUTUMN BIG SALE

FAVOMENS

Express checkout

PayPal

Pay Later

OR

Contact

Already have an account? Login

Email
O.o@gmail.com

Email me with news and offers

Shipping address

Your address will only be used for order delivery.

Country/Region
United States

First Name
O

Last Name
O

Street address & house number
111 W Jackson Blvd

Apartment, suite, building floor... (optional)

City/Town
Chicago

State
Illinois

ZIP code (optional)
60604-3589

[redacted]

Save this information for next time.

Retro Cute Dog Art Print Casual 100% Cotton Shirt $37.99
Color: Multicolor
Size: S

Gift Card / Coupon Code Apply

Subtotal $37.99

Delivery +$9.99

Total: $47.98

VA 2-388-391



029 lacemylife.com

2/26/26, 1:14 PM LACEMYLIFE

FIRST ORDER 10% OFF! CODE:NEW10 FREE SHIPPING OVER $79.00

LACEMYLIFE English USD

New In | Best Seller | Spring 2026 | Denim Essentials | Weekly Trending | Women's | Men's | More links



Women's Funny Dog Print Casual Top

$24.99

Buy 2 items and save 5% off

Spend $69 to get 1 free gift(s)

Color: Multicolor

Multicolor

Size: S

S M L XL 2XL 3XL 4XL 5XL

Quantity

− 1 +

Add to cart - $24.99

Buy now

PayPal Pay Later

Store Discounts

LACEMYLIFE

Express checkout

PayPal

Pay Later

OR

Contact Already have an account? Login

Email
O.o@gmail.com

Email me with news and offers

Shipping address

Your address will only be used for order delivery.

Country/Region
United States

First Name
O

Last Name
O

Street address & house number
111 W Jackson Blvd

Apartment, suite, building floor... (optional)

City/Town
Chicago

State
Illinois

ZIP code
60604-3589

[redacted]

Save this information for next time.

Shipping method

Women's Funny Dog Print Casual Top
Color: Multicolor
Size: S
$24.99

Gift Card / Coupon Code Apply

Subtotal $24.99

Delivery +$9.99

Total: USD $34.98

VA 2-413-118



Ex. D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**Alison Friend,**

Plaintiff,

v.

**The Partnerships and Unincorporated Association Identified on Schedule "A"**

Defendants.

Case No. 1:26-cv-05581

**Defendants 28 and 29 Response to First Set of Written Discovery Requests**

Defendant Magic Matrix Technology, Co. LTD ("Magic Matrix"), identified as Defendants 28 and 29 with the aliases "favomens.com," and "lacemylife.com" on Schedule A, hereby responds to Plaintiff's first set of interrogatories, requests for production, and requests for admission as follows:

**General Objection**

Magic Matrix objects to the written discovery requests as overly broad, unduly burdensome, and disproportionate to the needs of the case, where Magic Matrix has less than $100 in sales of the Accused Product. Plaintiff filed a motion with the Court for leave to conduct "limited fact discovery, so that Plaintiff may test the truth of Defendants' claims of minimal sales" before filing a reply brief in support of her motion for a preliminary injuncoint. Plaintiff's Motion (Doc. 76), pg. 1. The Court granted this motion without affording Magic Matrix the opportunity to oppose it. On July 17, 2026, Plaintiff issued 20 interrogatories, 10 requests for inspection, 72 requests for production, and 99 requests for admission, totaling 201 written

discovery requests. Nearly all of these requests expand far beyond Plaintiff's stated reasoning for taking discovery: to verify Magic Matrix's sales of the Accused Products. For example, Plaintiff's requests for inspection ask for a forensic inspection of every electronic device that has ever been used in connection with Magic Matrix's business. This is plainly unduly burdensome, disproportionate to the needs of the case, and outside the scope of any reasonable discovery that may be needed to verify $100 in sales of Accused Product for purposes of filing a brief relating to a preliminary injunction. As another example, Plaintiff's requests for production ask Magic Matrix to provide a transaction log of every sale that Magic Matrix has ever made over the course of its entire existence. These types of requests, which delve into sales of products that are not at issue in the case, along with the expansive breadth of the requests, are plainly unduly burdensome, disproportionate to the needs of the case, and outside the scope of any reasonable discovery that may be needed to verify $100 in sales of Accused Product for purposes of filing a brief relating to a preliminary injunction.

It is also overly burdensome, time consuming, and expensive to respond to each individual request, the sheer volume of which is disproportionate to the needs of the case. It would likely cost Magic Matrix thousands of dollars in attorneys fees to respond to written requests that are far beyond the scope of discovery requested by Plaintiff and appear to be an attempt to bury Magic Matrix in litigation costs for a case where there are $100 in sales. Moreover, to the extent these requests are AI generated in full or in part, such a tactic unfairly and disproportionately shifts the burden and expense onto Magic Matrix, where Plaintiff can quickly and efficiently generate voluminous requests, whereas Magic Matrix must expend a disproportionate amount of time and resources responding to the requests.

Magic Matrix further generally objects to the requests to the extent they are not limited with respect to time, and to the extent they call for information protected by the attorney-client privilege and work product doctrine.

**Response to Discovery Requests**

Subject to and without waiving its objections, Magic Matrix is producing documents that verify its sales of the Accused Products. This production is Magic Matrix's response to all written requests in accordance with the appropriate scope of discovery, as requested by Plaintiff, and in view of the fact that Magic Matrix has less than $100 in sales of the Accused Product, which is verified by the documents produced. Regarding the Interrogatories and RFAs, Magic Matrix objects to the Interrogatories and RFAs on the grounds above, which should be considered Magic Matrix's full and complete response to those requests. No RFAs are to be deemed admitted.

Dated: July 24, 2026

s/Michael T. Griggs

Michael T. Griggs
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
mtg@boylefred.com

***Attorney for Defendants 28 and 29***

## CERTIFICATE OF SERVICE

I hereby certify that, on July 24, 2026, a copy of the foregoing was served via email on the counsel for the Plaintiff.

Dated: July 24, 2026

s/Michael T. Griggs
Michael T. Griggs
Attorney for Defendants 28 and 29

KEITH A. VOGT, PLLC
INTELLECTUAL PROPERTY LAW

Ex. E

1820 NE 163RD STREET, SUITE 306
NORTH MIAMI BEACH, FLORIDA
33162
TELEPHONE: 312.971.6752
E-MAIL: KEITH@VOGTIP.COM
WWW.VOGTIP.COM

**VIA ELECTRONIC MAIL**

July 29, 2026

Michael T. Griggs, Esq.
Geoffrey J. Behr, Esq
BOYLE FREDRICKSON S.C.
840 North Plankinton Avenue
Milwaukee, WI 53203
mtg@boylefred.com; GJB@boylefred.com

**Re:** ***Alison Friend v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"*** **No. 1:26-cv-05581 (N.D. Ill.) — Deficiencies in the July 24, 2026, Discovery Responses; Request to Confer under Local Rule 37.2**

Dear Mr. Griggs:

Plaintiff identifies the following deficiencies in Magic Matrix's July 24, 2026, written responses and document production, and requests a conference under Local Rule 37.2.

**1. Interrogatories (Rule 33).** No answer was served to any of the twenty interrogatories, and the response bears no verification. An objection is not an answer. Rule 33(b)(3) requires each interrogatory to be "answered separately and fully in writing under oath"; Rule 33(b)(4) requires grounds "stated with specificity" and waives any not so stated; Rule 33(b)(5) requires signature by the answering person. A single general objection directed at all 20 requests collectively satisfies none of these.

**Cure:** verified, supplemental responses to Nos. 1–20 individually, with any objections stated as to each.

**2. Requests for Admission (Rule 36).** No answer or matter-specific objection was served to any of the ninety-nine requests. Under Rule 36(a)(3), a matter is admitted unless the responding party serves "a written answer or objection **addressed to the matter**," and Rule 36(a)(5) requires that grounds be stated. Plaintiff's position is that the requests are admitted by operation of Rule 36(a)(3), and Plaintiff will proceed on that basis.

**Cure:** advise whether Magic Matrix will seek relief under Rule 36(b), and on what schedule.

**3. Document production (Rule 34).**

a. The response does not state whether responsive materials are being withheld on the basis of any objection, as Rule 34(b)(2)(C) requires.

b. The production is limited to two internal SKU numbers. Nothing identifies who ran the searches, when, what systems or date ranges were searched, what other storefronts or channels were searched, or whether the result is complete. No declaration, certification, or custodian accompanies the production.

c. MAGIC MATRIX 000019 and 000087 bear embedded document properties identifying counsel as creator and last modifier, and open in a repaired state. They are not native exports.

d. None of the eighteen image files carries EXIF or other embedded metadata, and every date field in the load file is blank. No capture can be dated as produced.

e. The .dii load file directs every record to \IMAGES\0001\…tiff. No IMAGES folder and no TIFFs were delivered; the file cannot be loaded.

**Cure:** produce (i) the native export files with hash values; (ii) the export parameters for each export — user account, timestamp, filters, store scope; (iii) the store roster for the order-management tenant; (iv) all saved searches, filters, and store selections configured in that tenant; (v) the date and time each image was captured and by whom; (vi) complete transaction-level records for all sales, including of the Accused Works identified by work rather than by internal SKU, across all storefronts, marketplaces, and channels; (vii) a statement of search methodology identifying custodians, systems, date ranges, and search terms; (viii) the Rule 34(b)(2)(C) withholding statement; and (ix) a client verification of completeness together with counsel's Rule 26(g) certification.

**4. Statements in the Jing Declaration.** Certain matters appearing on the face of Magic Matrix's own production are inconsistent with Defendant's own filings (Dkt. 63-1 and Dkt. 63-2). Plaintiff will identify them on the call so that Magic Matrix has the opportunity to address them before Plaintiff raises them with the Court.

**5. Local Rule 3.2.** No Notification of Affiliates has been filed. Fed. R. Civ. P 7.1 and the Amended Local Rule 3.2. requires the Notice of Affiliates to be filed with a party's first appearance, pleading, motion, response, or other request addressed to the court. Defendants Nos. 28 and 29 have filed seven such papers since appearing on May 29, 2026.

**Cure:** file the Notification of Affiliates.

**6. Confidentiality designations.** Ten of the twenty produced documents are stamped "Confidential." No protective order has been entered.

**Cure:** propose a stipulated protective order, which Plaintiff will consider promptly and in good faith, or withdraw the designations.

**7. New matter in the reply brief.** Magic Matrix's July 27 reply [85] asserts for the first time that the only non-test sale "occurred in Utah." That assertion appears in neither the motion [53], the Jing Declaration [63-1], Exhibit A [63-2], nor the July 24 response, and the reply is unsupported by declaration or exhibit. Please advise whether Magic Matrix will withdraw it or oppose a short surreply addressed to it.

**8. Meet and Confer Request.** Local Rule 37.2 requires consultation in person or by telephone. Please advise your availability on July 30, 2026. Because a status report on the progress of this discovery is due to the Court on July 31, 2026 (Dkt. 80), we ask for a response by 5:00 p.m. Central on July 30, 2026.

Plaintiff reserves all rights, including under Rules 26(g), 36(a)(3), and 37, and waives no position by raising these matters informally.

Very truly yours,

*/s/ Keith A. Vogt*
Keith A. Vogt

*Counsel for Plaintiff Alison Friend*

KEITH A. VOGT, PLLC
INTELLECTUAL PROPERTY LAW

Ex. F

1820 NE 163RD STREET, SUITE 306
NORTH MIAMI BEACH, FLORIDA
33162
TELEPHONE: 312.971.6752
E-MAIL: KEITH@VOGTIP.COM
WWW.VOGTIP.COM

**VIA ELECTRONIC MAIL**

July 29, 2026

Michael T. Griggs, Esq.
Geoffrey J. Behr, Esq.
BOYLE FREDRICKSON S.C.
mtg@boylefred.com; GJB@boylefred.com

**Re:** ***Alison Friend v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 1:26-cv-05581 (N.D. Ill.) — Notice that Plaintiff's First Set of Requests for Admission Is Deemed Admitted**

Dear Mr. Griggs:

Plaintiff served her First Set of Requests for Admission on Defendant Nos. 28 favomens.com and 29 lacemylife.com ("Magic Matrix") on **July 17, 2026**. The set comprised ninety-nine requests, Nos. 1 through 99.

On **July 24, 2026**, Magic Matrix served a three-page general objection. It contains no answer to any request, no specific objection addressed to any request, and no verification. It states that Magic Matrix "objects to the Interrogatories and RFAs on the grounds above, which should be considered Magic Matrix's full and complete response to those requests," and that "[n]o RFAs are to be deemed admitted."

Rule 36(a)(3) provides:

> "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection **addressed to the matter** and signed by the party or its attorney."

Rule 36(a)(4) requires that an answer "admit or deny the matter" or "state in detail why the answering party cannot truthfully admit or deny it," and Rule 36(a)(5) requires that "[t]he grounds for objecting to a request must be stated."

A single general objection directed collectively at 201 discovery requests combined is not an answer or an objection "addressed to the matter" as to any of the ninety-nine Requests for

Admission. Nor can a responding party avoid the operation of Rule 36(a)(3) by declaring that its consequence does not apply.

**Accordingly, Plaintiff gives notice that Requests for Admission Nos. 1 through 99 are admitted by operation of Rule 36(a)(3),** and that under Rule 36(b) each "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Plaintiff will proceed on that basis in briefing on the preliminary injunction, in her July 31, 2026, status report to the Court, and at any hearing or trial.

If Magic Matrix intends to seek relief under Rule 36(b), please advise by 5:00 p.m. Central on July 30, 2026, and identify the schedule on which it will move. Plaintiff will address any such motion on its merits.

This notice supplements, and does not replace, the deficiency letter of July 29, 2026, and Plaintiff's request to confer under Local Rule 37.2. Plaintiff reserves all rights.

Very truly yours,

*/s/ Keith A. Vogt*
Keith A. Vogt

*Counsel for Plaintiff Alison Friend*

BOYLE FREDRICKSON INTELLECTUAL PROPERTY LAW 840 North Plankinton Avenue, Milwaukee, WI 53203 P: 414-225-9755 F: 414-225-9753 www.boylefred.com

MICHAEL T. GRIGGS
DIRECT DIAL: 414-225-6311
mtg@boylefred.com

**Ex. G**

July 30, 2026

**VIA EMAIL**

Keith Vogt
Keith A. Vogt, PLLC
1820 NE 163rd Street, Suite 306
North Miami Beach, Florida 33162

Re: *Friend v. Schedule A Defendants,* Case 1:26-cv-05581

Dear Keith:

I am writing in response to your two letters dated July 29, 2026, which I received at about 5:00 pm yesterday via email. As indicated in Magic Matrix's written response to Friend's discovery requests, Magic Matrix has fully complied with its discovery obligations by producing the underlying documents verifying sales of the Accused Products, which total less than $100 in sales. I note that Friend does not contend that the documents provided do not verify these sales. Rather, Friend's dispute relates to requests that far exceed the scope of requested discovery.

In Friend's motion to stay briefing on the motion for a preliminary injunction, Friend requested "leave to conduct limited fact discovery, so that Plaintiff may test the truth of Defendants' claims of minimal sales." Friend Motion (Doc. 76), pg. 1. Friend then proceeded to issue 201 total written requests that far exceed the scope of the "limited fact discovery" that Friend was granted leave to take. Accordingly, Magic Matrix provided a written response objecting to the requests and also produced documents verifying Magic Matrix's sales of the Accused Products.

Magic Matrix stands on its objections and its document production as its full and complete response with respect to the requests. Magic Matrix also considers this exchange of correspondence to constitute a good faith meet and confer effort, so Friend can pursue a motion to compel if she desires, which Magic Matrix will vigorously oppose. However, such motion practice makes no sense given the nominal revenue generated from sales of the Accused Products in this case, which is less than $100.

Regarding the RFAs, Magic Matrix objected to each RFA via its written response, and Magic Matrix explicitly stated that "Magic Matrix objects to the… RFAs on the grounds above, which should be considered Magic Matrix's full and complete response to those requests. No RFAs are to be deemed admitted." Under Rule 36(a)(3), Fed. R. Civ. P., a request is only deemed admitted if no response is received within 30 days. Magic Matrix provided a written response with its objections, so no requests are deemed admitted. To the extent Friend takes the

position that the requests are deemed admitted in its reply brief, Magic Matrix will (i) notify the Court of this dispute via a status report tomorrow; and (ii) request leave to file a sur-reply to address the issue. In any event, the actual documents that Magic Matrix has produced to Friend reflect the actual sales, and Friend has no factual or legal basis to assert otherwise. Any such assertions would run afoul of Rule 11, Fed. R. Civ. P.

Regarding the statement that the only other U.S. sale that was not a test buy occurred in Utah, that statement is supported by the documents that Magic Matrix produced. If Friend intends to file motion for leave to file a sur-reply to address this fact, please advise as to the substance of the sur-reply so that Magic Matrix can consider whether to oppose the motion.

Magic Matrix opposes any efforts to take further discovery or to further delay briefing on Friend's own motion for a preliminary injunction. Friend bears the burden on the motion that she filed and presumably had sufficient evidence and legal basis to seek the relief requested when she filed the motion. If Friend needs discovery to satisfy her burden, then she never should have filed the motion in the first place and also should withdraw her motion. Friend asked the Court to take "limited fact discovery" to verify sales of the Accused Products, and Magic Matrix has provided the underlying documentation to verify the sales. That was what Friend requested of the Court, and Magic Matrix has provided that information to Friend.

I will again present Magic Matrix's offer of $1000 to settle this case, which I previously presented to you on June 22, 2026, for which I have yet to receive a response. It is painfully clear that Friend is driving up litigation costs via excessive discovery requests and motion practice in an attempt to leverage a disproportionate settlement payment. Rather than filing briefs and chasing discovery that is excessive and unwarranted, let's settle the case for $1000 and be done.

Sincerely,

Michael T. Griggs